**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GABRIEL RODRIGUEZ - AGUIRRE
and ELENO RODRIGUEZ - AGUIRRE,

    Defendants-Appellants.

Nos. 00-2382, 00-2384

(D.C. Nos. CIV-98-1195-LH/LCS,
CR-92-486-JC, CIV-98-1318-LH/LCS,
CR-92-486-JC)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Defendants appeal a district court order denying their consolidated motions to

vacate sentence pursuant to 28 U.S.C. § 2255. A jury convicted Defendants of multiple

drug and money-laundering charges. The district court sentenced Defendant Gabriel

Rodriguez-Aguirre to 360 months imprisonment and Defendant Eleno Aguirre to 240

months imprisonment. We affirmed Defendants' convictions on direct appeal. United

States v. Rodriguez-Aguirre, 108 F.3d 1228 (10th Cir. 1997), cert. denied, 522 U.S. 847

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

(1997); United States v. Aguirre, 108 F.3d 1284 (10th Cir. 1997), cert. denied, 522 U.S. 931 (1997).  The prior opinions set forth the facts in detail and we need not restate them here.

Gabriel Rodriguez-Aguirre timely filed his § 2255 motion.  Eleno Aguirre filed his § 2255 motion on October 21, 1998, one year and one day after the Supreme Court denied certiorari in his direct criminal appeal.  The district court consolidated the cases on July 27, 1999.  The court denied Defendants' § 2255 motions in their entirety.  The court also denied Defendants' request for a Certificate of Appealability (COA).  See 28 U.S.C. § 2253(c)(1).  By order dated March 21, 2001, this court granted a COA.  We have jurisdiction pursuant to 28 U.S.C. § 2253(a) and 28 U.S.C. § 1291.  We affirm.

I.

In attacking their respective convictions, Defendants assert a number of ineffective assistance of counsel claims.  Defendants also claim the Government (1) purchased testimony in violation of 18 U.S.C. § 201(c)(2); and (2) failed to disclose evidence as required under Brady v. Maryland, 373 U.S. 83 (1963).[1]  This court reviews the legal basis for a denial of a § 2255 motion de novo.  United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000).  We review findings of fact for clear error.  Id.

---

[1] Defendants filed a motion to amend the request for relief in their opening brief. Defendants seek to add a request for remand to permit them to amend their § 2255 petitions in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Defendants' motion to amend the request for relief is denied.

A.

As an initial matter, the Government contends Defendant Eleno Aguirre's claims are time-barred. Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), establishes a one-year limitation period for motions attacking sentence. See 28 U.S.C. § 2255. The limitation period runs from the latest of four events, in this case "the date on which the judgment of conviction becomes final." Id. § 2255(1). Eleno Aguirre's conviction became final when the Supreme Court denied certiorari on October 20, 1997. See United States v. Willis, 202 F.3d 1279, 1280 (10th Cir. 2000). To be timely, Eleno Aguirre must have filed his motion by October 20, 1998. See United States v. Simmonds, 111 F.3d 737, 745-46 (10th Cir. 1997)(calculating the one-year limitation period). The court clerk time stamped the motion as filed on October 21, 1998.[2] Aguirre asserts that the doctrine of equitable tolling should apply to extend the deadline one day.[3]

---

[2] Aguirre filed his petition by express mail with delivery guaranteed by noon on October 20, 1998. He argues his motion should be deemed filed on the date the post office guaranteed delivery rather than the date reflected by the time stamp. The district court found the motion was filed on October 21, the date reflected by the court clerk's time stamp. In the absence of documentation confirming delivery on October 20, we cannot say the district court committed clear error in relying on the time stamp for this finding of fact.

[3] Aguirre also argues that Fed. R. Civ. P. 6(e) provides an additional three days to file his motion. This argument is without merit. Rule 6(e) provides:

> Whenever a party has the right or is required to do some act or take some
> proceedings within a prescribed period after the service of a notice or other

(continued...)

The AEDPA's one-year limitation period is not a jurisdictional bar and is subject to equitable tolling. See Moore v. Gibson, 250 F.3d 1295, 1299 (10th Cir. 2001). Equitable tolling is available, however, only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). The prisoner must demonstrate he diligently pursued his claims and that his failure to timely file was due to extraordinary circumstances beyond his control. Id.

The Supreme Court has recognized that the prison mail system presents delays beyond a prisoner's control and has adopted the "prison mailbox rule." Houston v. Lack, 487 U.S. 266, 270 (1988). Under this rule, a prisoner's pro se motion is deemed filed on the date the prisoner delivers it into the prison mail system rather than on the date the court clerk receives it. See id. Although the Supreme Court limited the rule to pro se prisoners, Aguirre asserts prisoners represented by counsel are similarly hampered in taking proper measures to ensure timely filing. In addition, he notes that his counsel followed overnight mailing instructions provided by the court clerk and mailed the motion with delivery guaranteed on October 20, 1998. Aguirre argues that any delay in

[3](...continued)
paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

(emphasis added). Rule 6(e), by its terms, does not apply to § 2255 motions. The Rule is applicable only when the deadline for a party's action is established by date of service. The one-year period of limitations in § 2255 does not run from date of service; it is established by "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1).

receipt was beyond his control and that the filing should be deemed timely.

Aguirre has not presented sufficient evidence that the failure to timely file was due either to exceptional circumstances or conditions beyond his control. Although the prison mail system can delay receipt of prisoner mail, Aguirre was represented by current counsel on the date the Supreme Court denied certiorari and had a full year to prepare the motion and secure the proper signatures. Counsel should be aware of the potential for delay and is in a position to take precautions to ensure timely filing. See id. at 270-71. Counsel's alleged conversations with the court clerk also do not establish a sufficient basis to compel equitable tolling of the one-year limitation period. Counsel offers no documentation of these conversations. Nor is she able to point to local rules to support her claim. Cf. Sheviakov v. Immigration & Naturalization Serv., 237 F.3d 1144 (9th Cir. 2001)(deeming a motion filed on the date the post office delivered the document when local rules provided instructions for overnight delivery and counsel provided documentation of delivery conforming with the instructions). Eleno Aguirre's § 2255 Motion is therefore untimely and his claims time-barred.

## B.

Even assuming Defendant Eleno Aguirre's claims were not time-barred, both Defendants' ineffective assistance of counsel claims fail on the merits. Ineffective assistance of counsel claims involve mixed questions of law and fact which we review de novo. Smith v. Gibson, 197 F.3d 454, 461 (10th Cir. 1999). Judicial scrutiny of

5

counsel's performance is highly deferential. Strickland v. Washington, 466 U.S. 668, 689 (1984). To establish a claim for ineffective assistance of counsel, a defendant must show (1) counsel's performance was constitutionally deficient; and (2) counsel's deficient performance was prejudicial. See id. at 687. Counsel's performance is deficient only if the representation "fell below an objective standard of reasonableness." Id. Prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Defendant bears the burden of establishing both components of the Strickland standard. See id. at 697. We apply the Strickland standard in assessing the effectiveness of both trial and appellate counsel. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). Courts may resolve an ineffective assistance of counsel claim on either the performance or prejudice component. Strickland, 466 U.S. at 697.

1.

Defendants allege trial counsel provided ineffective assistance by failing to file motions to suppress evidence obtained in numerous allegedly improper searches.[4] To satisfy the prejudice requirement under Strickland, Defendants must demonstrate a

---

[4] Specifically, Defendants assert counsel failed to file motions challenging (1) the search of nine parcels of real property seized in civil forfeiture proceedings pursuant to ex parte seizure warrants; (2) the validity of six search warrants based on evidence discovered on the wrongfully searched property; (3) the validity of four search warrants served in conjunction with seizure warrants; and (4) the validity of a residential search conducted pursuant to the "knock and announce" rule.

reasonable probability that the verdict would have been different, absent excludable evidence. United States v. Owens, 882 F.2d 1493, 1498 (10th Cir. 1989). Defendants do not address how suppression of some or all of the evidence seized pursuant to the searches at issue would have impacted the outcome of the trial. Defendants provide a chart summarizing the property searched and the evidence seized, but the chart does not indicate whether the seized evidence was admitted at trial, the relevance of the seized evidence to Defendants' convictions, or the importance of the seized evidence to the Government's case.[5] Although suppression of some or all of this evidence might have been significant, Defendants have failed to establish a reasonable probability that, without the allegedly excludable evidence, the jury verdict would have been different.[6]

2.

Defendant Rodriguez-Aguirre also contends appellate counsel rendered ineffective

---

[5] Defendants filed a motion seeking to supplement the record with the complaint and record of civil forfeiture proceedings in which the Government seized and searched nine parcels of real property. Defendants assert that the proffered documents establish Defendants' standing to challenge the searches, and thus support Defendants' assertion that trial counsel unreasonably failed to challenge the searches. Because we conclude Defendant has not established prejudice, we need not determine whether counsel rendered deficient performance. Defendants' motion is therefore denied as moot.

[6] Defendants also contend trial counsel rendered ineffective assistance in failing to investigate whether the Government planted a buried kilogram of cocaine discovered on property Defendants forfeited prior to trial. The magistrate judge held evidentiary hearings on this claim. For substantially the same reasons stated in the July 24, 2000 report and recommendation adopted by the district court, we conclude Defendants failed to demonstrate either cause or prejudice with respect to this claim and thus failed to establish ineffective assistance of counsel under Strickland, 466 U.S. 668 (1984).

assistance of counsel by failing to raise an ex post facto argument. He asserts, without explanation, that application of the 1987 Sentencing Guidelines would result in a sentence of 188 months instead of the 360 months imposed under the 1994 Guidelines. Defendant Rodriguez-Aguirre does not provide any basis on which to find deficient representation or prejudice under Strickland. Defendant did not provide this Court with a copy of the indictment or a discussion of the relevant convictions. Nor does Defendant's brief discuss application of specific Sentencing Guidelines to Defendant's convictions. Further, Defendant does not provide any rationale or supporting authority for his assertion that the 1987 Guidelines are applicable. Defendant was convicted of numerous drug and money-laundering offenses, including several offenses that occurred after the 1989 Sentencing Guidelines became effective. Defendant has the burden of providing this Court with a complete and accurate record of the issues he wishes reviewed. See 10th Cir. R. 10.3(B). Defendant also has the burden of demonstrating the deficiency in counsel's performance and the prejudice suffered as a result. See Strickland, 466 U.S. at 687. Defendant has not provided sufficient information to meet either burden.

## II.

Defendants next claim the Government purchased testimony in violation of 18 U.S.C. § 201 and failed to disclose evidence as required under Brady v. Maryland, 373 U.S. 83 (1963). The claims relate to the trial testimony of a Government witness. The witness entered into an agreement to testify against Defendants and, as a cooperating

witness and a participant in the Witness Protection Program, received payments for relocation and living expenses. Defendants were aware the witness received such payments, but were not aware of the amount until after trial.[7] In addition, prior to testifying, the witness was arrested and charged with felony drug possession. The charges were later dropped and misdemeanor charges were filed. Defendants allege that the charges were dropped in response to a letter from the Assistant United States Attorney seeking leniency. Defendants were not aware of the felony charges or the letter at trial or at the time of appeal. Defendants characterize the Government's failure to disclose this information as a Brady violation, and characterize the payments and letter as gratuity in violation of 18 U.S.C. § 201.[8]

## A.

Defendants' claim that the Government purchased testimony in violation of 18 U.S.C. § 201(c)(2) is without merit. The anti-gratuity statute does not apply to the United States or to an Assistant United States Attorney functioning within the official scope of the office. United States v. Singleton, 165 F.3d 1297, 1298 (10th Cir. 1999)(en banc). To prevail on this claim, Defendants must show (1) the Government promised

---

[7] Specifically, Defendants claim that the witness received a total of $80,000 in exchange for her testimony. Before trial, the Government disclosed payments totaling $40,000.

[8] The Government contends that these claims are time barred with respect to Defendant Eleno Aguirre and procedurally barred with respect to both Defendants. As discussed above, Eleno Aguirre's claims are time barred. We need not address whether the claims are procedurally barred because the claims clearly fail on the merits.

something of value in exchange for witness testimony; (2) the promise was one not normally made in exchange for testimony; and (3) this action is inconsistent with the role of a prosecutor. See United States v. Jackson, 213 F.3d 1269, 1289 (10th Cir. 2000).

The anti-gratuity statute authorizes a party to pay "witness fees provided by law." 18 U.S.C. § 201(d). The statute also authorizes a party calling a witness to pay subsistence payments and compensation for the reasonable value of time lost in attending the proceedings. Id. Federal law also expressly authorizes payments made through the Witness Protection Program, 18 U.S.C. § 3521(b), and subsistence payments, 28 U.S.C. § 1821. The practice of providing these payments in exchange for truthful testimony is a long established practice authorized by law and does not constitute a violation of the anti-gratuity statute. See Jackson, 213 F.3d at 1289. In addition, we have held that an offer of leniency in exchange for truthful testimony is not a violation of the statute. See Singleton, 165 F.3d at 1298. Defendants do not assert that the testimony offered was untruthful. Thus, the Government did not violate the anti-gratuity statute.

B.

Defendants' Brady claim also is without merit. Brady requires the Government to disclose only "evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." United States v. Bagley, 473 U.S. 667, 675 (1985); United States v. Walters, 269 F.3d 1207, 1214 (10th Cir. 2001). To establish a Brady violation, a defendant must demonstrate "(1) the prosecutor suppressed evidence; (2) the evidence

10

was favorable to the defendant as exculpatory or impeachment evidence; and (3) the evidence was material." Walters, 269 F.3d at 1214. Evidence is material only if a reasonable probability exists that, had the Government disclosed the evidence to the defense, the result of the trial would have been different. See id.

Defendants fail to show that the information the Government allegedly withheld is material. They fail to show how payments totaling $80,000 materially differ from payments totaling $40,000, or how their knowledge of this information would have altered the jury verdict. Defendants also fail to demonstrate how knowledge of the witness' felony charges would have altered the verdict. Defendants had substantial evidence of the benefits the witness received in exchange for her testimony. On both direct and cross-examination, the witness testified that she actively participated in drug trafficking, that she was a convicted felon, that she had agreed to testify to avoid prosecution, and that she had received subsistence and relocation payments from the Government. How the additional impeachment evidence differs materially from that introduced at trial is unclear. The Government's alleged failure to disclose the details of its agreement with the witness did not violate Defendants' due process rights and did not constitute a Brady violation.

Accordingly, the judgment of the United States District Court for the District of

New Mexico is AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge