**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHRISTOPHER SANTILLANES,

Defendant-Appellant.

No. 07-2206

(D. of N.M)

(D.C. No. CR-07-619-BB)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Judge, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.[**]

Christopher Santillanes pleaded guilty to possessing with intent to

distribute more than 50 grams of methamphetamine, a violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(B). His advisory guidelines sentence was calculated by

comparing the amount of methamphetamine mixture (406.5 grams) with the actual

amount of pure methamphetamine contained in the mixture (168.9 grams), and

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**]After examining the briefs and appellate record, this panel determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. r. 34.1(G). Per the court's
Order dated February 22, 2008, this cause is therefore ordered submitted without
oral argument.

then using whichever amount would result in a higher offense level. In Santillanes's case, the actual amount of 168.9 grams yielded a higher offense level of 34. The guidelines calculations yielded a sentence range of 121–151 months.

At sentencing, Santillanes requested a downward variance, arguing the disparity between mixed and actual methamphetamine in the Guidelines produced a sentence that was greater than necessary under the factors delineated in 18 U.S.C. § 3553(a). The district court, concluding it did not have the power to accept Santillanes's argument based on a mere policy disagreement with the Guidelines, sentenced him to a term of 121 months. In light of the subsequent Supreme Court decision in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), we REVERSE and REMAND for resentencing.

**I.**

We review a federal criminal sentence for reasonableness, giving deference to the district court under "the familiar abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 594 (2007); *see also United States v. Smart*, 518 F.3d 800, 805 (10th Cir. 2008). Reasonableness "has both procedural and substantive components." *United States v. Atencio*, 476 F.3d 1099, 1102 (10th Cir. 2007); *see also Gall*, 128 S. Ct. at 597.

Santillanes argues the district court erred procedurally by failing to adequately address his argument about the guidelines disparity between actual and

mixed methamphetamine.  After Santillanes's sentencing, the Supreme Court decided *Kimbrough*, holding that, in determining whether a particular sentence complies with the 18 U.S.C. § 3553(a) factors, "the judge may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses."  128 S. Ct. at 564.  The government, filing its brief shortly after *Kimbrough* was decided, conceded we should remand for resentencing.  Because both parties agree on how we should resolve this case, we remand for resentencing.[1]

On the substantive reasonableness side, we stress that, although we may apply a rebuttable presumption of reasonableness to within-guidelines sentences, "the presumption . . . applies only at the appellate level."  *United States v. Conlan*, 500 F.3d 1167, 1169 (citing *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007)).  On remand, the district court's task is to impose a sentence satisfying the 18 U.S.C. § 3553(a) factors.  The Guidelines are but one of these factors and are thus not to be presumed reasonable at the district court level.

## II.

For these reasons, we REVERSE Santillanes's sentence and REMAND to

---

[1]  This disposition obviates any need for us to address Santillanes's broader argument challenging the actual/mixed methamphetamine disparity as unconstitutional.

the district court with instruction to VACATE the sentence and resentence

Santillanes.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge