FILED
United States Court of Appeals
Tenth Circuit

January 24, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GABRIEL RODRIGUEZ-AGUIRRE,

Petitioner-Appellant,

v.

RENE G. GARCIA,

Respondent-Appellee.

No. 11-1420

(D. Colorado)

(D.C. No. 1:11-CV-01599-LTB)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **MURPHY**, and **MATHESON**, Circuit Judges.

After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The court therefore orders the case submitted without oral argument.

Gabriel Rodriguez-Aguirre, proceeding *pro se*, appeals the district court's denial of the habeas corpus petition he filed pursuant to 28 U.S.C. § 2241. Exercising jurisdiction under 28 U.S.C. § 1291, we **grant** his motion to proceed

_____

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*in forma pauperis* on appeal and **affirm** the district court's dismissal of his § 2241 petition.

In 1990, Rodriguez-Aguirre was convicted in the District of Kansas of conspiracy to distribute marijuana and using a telephone to facilitate the conspiracy. Four years later, he was convicted in the District of New Mexico of possession with intent to distribute both marijuana and cocaine, money laundering, and investment of illicit drug profits. *United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 1231-32 (10th Cir. 1997). This court affirmed Rodriguez-Aguirre's New Mexico convictions and then affirmed the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. *Id*. at 1239; *United States v. Rodriguez-Aguirre*, 30 F. App'x 803, 808 (10th Cir. 2002). Several times thereafter, Rodriguez-Aguirre sought permission to file a second or successive § 2255 motion. This court denied all such requests.

On June 17, 2011, Rodriguez-Aguirre filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with the Colorado district court. The court concluded the double jeopardy claims Rodriguez-Aguirre sought to raise in his petition were collateral challenges to the sentence imposed by the New Mexico district court, not challenges to the execution of his sentence. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (explaining the difference between claims properly brought in a 28 U.S.C. § 2241 habeas petition and those brought in a 28 U.S.C. § 2255 motion to vacate). The court dismissed Rodriguez-

Aguirre's § 2241 petition, concluding Rodriguez-Aguirre failed to show that the remedy afforded him under 28 U.S.C. § 2255 is inadequate or ineffective. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (holding 28 U.S.C. § 2255 is the exclusive remedy for challenges to the validity of a conviction or sentence unless it is inadequate or ineffective). Specifically, the court rejected Rodriguez-Aguirre's argument that the remedy under § 2255 is ineffective because his claims do not meet the requirements of § 2255(h) for filing a second or successive motion, *Prost v. Anderson,* 636 F.3d 578, 584-86 (10th Cir. 2011), and his related argument that he did not have an opportunity to bring his claims in his original § 2255 motion. *Id*. at 584, 588.

Our review of the entire record confirms that the district court correctly concluded Rodriguez-Aguirre's double jeopardy claims are not challenges to the execution of his sentence. The court was likewise correct to conclude he failed to show that § 2255 is inadequate or ineffective and his claims, therefore, cannot be raised in a § 2241 petition. Accordingly, we **affirm** the dismissal of Rodriguez-Aguirre's § 2241 petition for substantially the reasons stated by the district court.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge