FILED
United States Court of Appeals
Tenth Circuit

October 17, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HECTOR CORDOVA,

Defendant – Appellant.

No. 14-2115
(D.C. Nos. 2:13-CV-00653-LH-KMB
and 1:11-CR-00290-LH-1)
(D. New Mexico)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **MURPHY** and **McHUGH**, Circuit Judges.

Petitioner Hector Cordova, a federal prisoner appearing pro se, seeks a certificate

of appealability (COA) to appeal the district court's dismissal of his motion for relief

under 28 U.S.C. § 2255 as untimely. We deny the COA and dismiss the appeal.

In 2012, Mr. Cordova pled guilty to one count of distribution of methamphetamine

in violation of 21 U.S.C. § 841(b)(1)(A). He was sentenced to 188 months'

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment, followed by 60 months' supervised release. The court entered judgment on Mr. Cordova's conviction on June 6, 2012. Mr. Cordova did not appeal the judgment. Accordingly, his conviction became final on or about June 20, 2012. *See* Fed. R. App. P. 4(b).

On July 15, 2013, Mr. Cordova filed his Motion to Vacate and Correct Illegal Sentence pursuant to § 2255. The basis of Mr. Cordova's motion was that his trial counsel was ineffective for failing to file a notice of appeal following entry of the judgment against Mr. Cordova. Because Mr. Cordova's § 2255 motion was filed more than a year after his conviction became final, the district court issued an order to show cause why the motion should not be dismissed as untimely. *See* 28 U.S.C. § 2255(f) (establishing a one-year limitations period for motions for relief under § 2255).

Though Mr. Cordova responded to the court's order to show cause, his response was outside the 30-day deadline established by the order. Nevertheless, the court considered the merits of Mr. Cordova's explanation. Mr. Cordova argued his § 2255 motion was timely because the limitations period should have been equitably tolled. Specifically, Mr. Cordova asserted he was indisposed for approximately one month following his sentencing because he underwent surgery and his mail was often not delivered in a timely fashion. According to Mr. Cordova, the limitations period should not have begun to run until August 2, 2012, when he had finished recovering from surgery. The district court concluded Mr. Cordova had failed to demonstrate he had

diligently pursued his § 2255 claim and dismissed the petition. Mr. Cordova now seeks a COA from this court.

A petitioner may not appeal a dismissal of a § 2255 petition without first obtaining a COA. 28 U.S.C. § 2253(c)(1)(B). We will only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To do so, the petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (internal quotation marks omitted). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, a plain procedural bar is present. Mr. Cordova's conviction became final on June 20, 2012. But he did not file his § 2255 petition until July 15, 2013.[1] We

---

[1]Mr. Cordova asserts that he deposited his petition in the prison mail system on June 25, 2013. Under the "prison mailbox rule," "a prisoner's pro se motion is deemed

Continued . . .

-3-

have routinely held that equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *United States v. Sheridan*, 561 F. App'x 689, 692 (10th Cir. 2014). Though Mr. Cordova may have been prevented from pursuing his claims during the period in which he was indisposed due to a medical condition, he offers no explanation for his failure to pursue his claim during the remaining term of the limitations period. Therefore, he has not demonstrated that "extraordinary circumstances beyond his control" prevented him from timely filing his § 2255 petition. Accordingly, we DENY Mr. Cordova's request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge

---

filed on the date the prisoner delivers it into the prison mail system rather than on the date the court clerk receives it." *United States v. Rodriguez-Aguirre*, 30 F. App'x 803, 805 (10th Cir. 2002). But this rule does not help Mr. Cordova because his petition would still have been filed more than one year after his conviction became final on June 20, 2012. Thus, the procedural bar would still apply.