FILED
United States Court of Appeals
Tenth Circuit

December 30, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HECTOR CORDOVA,

    Defendant - Appellant.

No. 15-2116
(D.C. No. 1:11-CR-00290-LH-1)
(D. New Mexico)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Hector Cordova appeals the district court's reduction of his sentence based on Amendment 782 to the United States Sentencing Guidelines (Guidelines), which "adjust[s] downward by two levels" the base offense level assigned to certain drug-trafficking offenses. U.S. Sentencing Guidelines Manual app. C, amend.

_____

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

782 (2014). Mr. Cordova challenges the district court's calculation of his revised Guidelines range based on the quantity of methamphetamine (actual) he admitted possessing in the plea agreement, rather than the total amount of the mixture of which the actual methamphetamine was a part.[1] Counsel for Mr. Cordova has moved to withdraw in a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal and grant Mr. Cordova's counsel's request to withdraw.

## I.    BACKGROUND

Mr. Cordova pled guilty in 2011 to a charge of violating 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2 for the Distribution, or Aiding and Abetting the Distribution, of 500 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine. In the plea agreement, Mr. Cordova stipulated to the possession of 3.14 net kilograms of methamphetamine that was 85.5% pure, which Mr. Cordova also stipulated in the plea agreement amounted to possession of 2.684 net kilograms of methamphetamine (actual). (Plea Agrmnt. 4.)

Mr. Cordova's "advisory guidelines sentence was calculated by comparing the amount of methamphetamine mixture [3.14 net kilograms] with the actual amount of pure methamphetamine contained in the mixture [2.684 net kilograms], and then using whichever amount would result in a higher offense level." *See United States v.*

_____

[1] "Methamphetamine (actual)" refers "to the weight of the controlled substance, itself, contained in the mixture or substance." U.S.S.G. § 2D1.1(c) n.(B).

2

*Santillanes*, 274 F. App'x 718, 718 (10th Cir. 2008).[2] Possession with intent to distribute "1.5 [kilograms] or more of Methamphetamine (actual)" established a base offense level of thirty-eight under the applicable Sentencing Guidelines' Drug Quantity Table at the time. U.S.S.G. § 2D1.1(c)(1) (2011). This was greater than the base offense level of thirty-four advised for possession with intent to distribute "[a]t least 1.5 KG but less than 5 KG of Methamphetamine [mixture]" in the Drug Quantity Table in force at the time. *See* U.S.S.G. § 2D1.1(c)(3) (2011). As a result, Mr. Cordova's presentence report (PSR) followed Note B to the Drug Quantity Table and calculated his base offense level as the greater of the two. *See* U.S.S.G. § 2D1.1(c) n.(B). The PSR also noted that a mandatory minimum of ten years applied under 21 U.S.C. § 841(b)(1)(A).

Beginning with the base offense level of thirty-eight, therefore, the PSR then recommended a three-level reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. The resulting total offense level of thirty-five, coupled with Mr. Cordova's criminal-history category of II, corresponded to a guideline imprisonment range of 188 to 235 months. The district court sentenced Mr. Cordova at the low end of the guideline range to 188 months in prison, with five years of supervised release. (J. of June 6, 2012, at 2, 3.)

---

[2] *See* U.S.S.G. § 2D1.1(c) n.(B) ("In the case of a mixture or substance containing . . . methamphetamine, use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the . . . methamphetamine (actual), *whichever is greater*." (emphasis added)).

Mr. Cordova did not object at sentencing to a Guidelines calculation based on the quantity of methamphetamine (actual) he had admitted possessing in the plea agreement.[3] He also did not appeal the sentence at that time. But just over a year later, Mr. Cordova filed a motion to vacate the sentence under 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel for failing to appeal the judgment. The district court denied Mr. Cordova's motion as untimely. This court then denied Mr. Cordova's application for a certificate of appealability based on his untimely, and thus procedurally barred, § 2255 motion, and we dismissed his appeal. *See United States v. Cordova*, 589 F. App'x 400, 400 (10th Cir. 2014).

In 2014, the U.S. Sentencing Commission issued Amendment 782, which reduced the base offense levels for many of the drug quantities listed in the guidelines tables. Mr. Cordova filed a pro se motion on February 17, 2015, requesting a reduction in his sentence under this amendment. In addition to requesting the statutory reduction, Mr. Cordova argued the district court had incorrectly based his original sentence on the quantity of methamphetamine actual rather than on the methamphetamine mixture referred to in the indictment, which had charged him with one count of "Distribution of 500 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine."

_____

[3] At sentencing, the district court discussed Mr. Cordova's previously filed challenges to the PSR in which he argued the court should consider a downward departure based on Mr. Cordova's contention that he had only played a minor role in the offense. The district court rejected this contention, as had the PSR.

After counsel was appointed to represent Mr. Cordova in his motion for a sentence reduction, Mr. Cordova and the Government stipulated as to his eligibility for the statutory sentence reduction. The parties agreed that the new Guidelines range for sentencing after applying the two-level reduction under Amendment 782 was 151 to 188 months in prison, and Mr. Cordova requested a sentence of 151 months. The district court granted Mr. Cordova's motion and reduced his sentence from 188 months to 151 months, consistent with the original sentence at the low end of the previously applicable guidelines range. Before his resentencing, however, Mr. Cordova informed both his counsel and the court that he believed the district court should also reduce his sentence by recalculating his Guidelines sentencing range based on the quantity of methamphetamine mixture, rather than the quantity of methamphetamine (actual) which he admitted possessing. But in granting the two-level reduction in his base offense level under Amendment 782, the district court did not address Mr. Cordova's mixture vs. actual argument.

Mr. Cordova timely filed a notice of appeal, again arguing that "[t]he district court's sentence derives the Base Offense level using the actual methamphetamine contained within the mixture resulting in 4 levels more than what the mixture triggers" instead of calculating the sentence based on "the drug type admitted to in the Plea Agreement," by which we infer he means "500 grams or more of a mixture and substance containing a detectable amount of methamphetamine." In response, Mr. Cordova's counsel filed a brief to this court, as permitted by *Anders v. California*, advising the court

5

that he finds Mr. Cordova's appeal "to be wholly frivolous, after a conscientious examination of it" and "request[ing] permission to withdraw." 386 U.S. 738, 744 (1967).

Specifically, defense counsel's *Anders* brief examines Mr. Cordova's arguments in detail and concludes the district court did not err in failing to address Mr. Cordova's argument because it lacked authority to do so. Defense counsel also argues that even if considered on the merits, Mr. Cordova's argument fails because he admitted in the plea agreement to the quantity of methamphetamine (actual), and the Guidelines specifically instruct the sentencing court to evaluate the quantity of the mixture against the actual and to base the Guidelines range on whichever results in the greater offense level. *See* U.S.S.G. § 2D1.1(c) n.(B).

Mr. Cordova filed objections and a response to the *Anders* brief in which he reiterates his arguments from the resentencing proceedings. The Government then notified the court of its intent not to file a response brief, explaining that it has reviewed the *Anders* brief, Mr. Cordova's response, and the record and agrees with defense counsel that "there is no meritorious basis for appellant's appeal."

## II. DISCUSSION

To obtain leave to withdraw under *Anders* in a direct criminal appeal "where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous," counsel for the defendant must "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005); *see also* 10th Cir. R. 46.4(B)(2). "The client may then choose to submit arguments to the court. The Court must then conduct a

full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal." *Calderon*, 428 F.3d at 930 (citations omitted). We must review defense counsel's brief and the record to determine whether Mr. Cordova has any nonfrivolous grounds for appeal and whether to grant defense counsel's request to withdraw.

Mr. Cordova moved the district court pursuant to 18 U.S.C. § 3582(c)(2) to resentence him based on Amendment 782, which implements a two-level reduction to the base offense level in the Drug Quantity Tables applicable to Mr. Cordova's offense. Section 3582(c)(2) authorizes a district court to amend a defendant's "term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The district court granted Mr. Cordova's statutory sentence reduction under Amendment 782 without addressing Mr. Cordova's additional argument about the quantity used to calculate the guideline range applicable to his original sentencing.

"A judge's resentencing authority is a creation of statute." *United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014) (ellipsis omitted). "A district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *Id.* (emphasis and brackets omitted). And "[w]e review de novo the scope of a district court's authority to resentence a defendant in a § 3582(c)(2) proceeding," *id.* at 685, mindful that "[a] district court does not have

inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization," *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

The Guidelines expressly refer to the extremely limited nature of the district court's authority to reduce a sentence. *See* U.S.S.G. § 1B1.10(a)(3) (noting that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."). Specifically, the Guidelines provide that "the court shall determine the amended guideline range that would have been applicable to the defendant if [Amendment 782] had been in effect at the time the defendant was sentenced" by substituting the new guideline range applicable under Amendment 782 "for the corresponding guideline provisions that were applied when the defendant was sentenced *and shall leave all other guideline application decisions unaffected*." *Id.* § 1B1.10(b)(1) (emphasis added). Thus, "Section 3582(c)(2) proceedings are 'narrow' in scope and authorize 'only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding.'" *Gay*, 771 F.3d at 686 (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

Here, as in *Gay*, Mr. Cordova "attempts to use the § 3582(c)(2) proceeding as a stepping stone to this court to collaterally attack his original sentence." *Id.* at 683. Mr. Cordova's argument that the district court erroneously employed a guideline range applicable to the quantity of methamphetamine actual rather than the quantity of methamphetamine mixture, both of which he admitted possessing in the plea agreement, "amounts to a collateral attack on his sentence, seeking relief beyond that allowed in a § 3582(c)(2) proceeding." *Id.* at 686. Such an attack must be made on direct appeal or

8

under 28 U.S.C. § 2255. *See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). And, like the district court, we have no authority to grant Mr. Cordova relief on a collateral attack of his sentence falling outside the purview of the very limited scope of the § 3582(c)(2) proceeding. *Gay*, 771 F.3d at 683; *see also Freeman v. United States*, 131 S. Ct. 2685, 2693 (2011) (plurality opinion) (holding that in Section 3582(c)(2) resentencing proceedings, "[a]ll Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment." (citing U.S.S.G. § 1B1.10(b)(1)).[4]

## III. CONCLUSION

Upon de novo review of the record and the standards governing the application of Section 3582(c)(2), we agree with defense counsel that any appeal of Mr. Cordova's revised sentence under Amendment 782, "would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Accordingly, we dismiss this appeal and grant defense counsel's motion to withdraw.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[4] We also note, for good measure, that Mr. Cordova's argument that the district court erred in the original sentencing proceeding by basing its guideline range on the quantity of methamphetamine actual instead of methamphetamine mixture is without merit. The Guidelines themselves foreclose this argument by specifically instructing sentencing courts to compare the mixture against the actual and to use whichever quantity results in the greater base offense level under the Drug Quantity Tables. *See* U.S.S.G. § 2D1.1(c) n.(B). The cases cited by Mr. Cordova in his objections to defense counsel's *Anders* brief are not to the contrary.