Alexei **SHEVIAKOV**; Tatiana **Zakhartchenko**, Petitioners,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 99–70743.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2000

Filed Jan. 26, 2001

Thomas P. Walsh, Beaverton, Oregon, for the petitioners.

Donald Couvillon, Office of Immigration Litigation, Department of Justice, Washington, D.C., for the respondent.

Before: KOZINSKI and KLEINFELD, Circuit Judges, and SCHWARZER,[1] District Judge.

KLEINFELD, Circuit Judge:

We address here when a paper is "received" by the clerk for purposes of filing, under Federal Rule of Appellate Procedure 25.

## FACTS

In substance this is an asylum case, but our decision on the substantive claim is

---

1. The Honorable William W Schwarzer, Senior United States District Judge for the North-
ern District of California, sitting by designation.

stated in a memorandum disposition filed concurrently with this opinion. This opinion deals only with a procedural aspect.

This petition for review had to be "filed" within 30 days of the final deportation order. The deadline was June 23, 1999. The clerk did not stamp the document "filed" until June 24, 1999.

Petitioner's lawyer used the United States Postal Service's express mail service. He deposited the petition for review in the mail on June 22, for guaranteed delivery by June 23. It reached a postal delivery person, who put a notice in the clerk's post office box on June 23 as scheduled. But the clerk did not physically obtain the papers from the post office box until June 24.

Ordinarily, the clerk receives mail addressed to the court post office box in the morning, and mail addressed to the courthouse street address somewhat later. The petition in this case was addressed to the court at its post office box. Two notices were left in the box on June 23, at noon and at 4:46 P.M. The petition was available for pickup the day it was due, June 23, but, as was the ordinary course, was not physically brought into the clerk's office until the routine delivery the next morning. Thus the petition physically arrived at the clerk's office and was stamped filed June 24, the day after the due date. Had the petition been addressed to the court at our street address, the post office probably would have delivered it to the deputy clerk at the courthouse, instead of putting a notice in our box, on the due date.

2. 8 U.S.C. § 1252(b)(1).

3. Fed. R.App. P. 25(a)(1).

4. *Haroutunian v. I.N.S.*, 87 F.3d 374, 375 (9th Cir.1996).

5. Fed. R.App. P. 25(a)(2)(A).

6. Circuit Rule 25–2 provides:

All communications to the court, including papers to be filed, shall comply with FRAP 32 and shall be addressed to the Clerk at

## ANALYSIS

The applicable statute required that the petition for review be "filed" within 30 days, in this case, June 23.[2] The Federal Rules of Appellate Procedure require that such papers be "filed with the clerk."[3] This deadline for filing is jurisdictional,[4] and so there is nothing we can do about it if the filing came one day late. The INS argues that we lack jurisdiction because the rules provide that "filing is not timely unless the clerk receives the papers within the time fixed for filing."[5] Bolstering this argument, the INS points out that our local rule includes an advisory committee note saying that our address for overnight delivery is our street address, 95 Seventh Street, yet petitioner's counsel addressed the overnight express mail to our post office box. Had petitioner's lawyer followed the advisory committee note, the petition would have been delivered to our clerk's office on the due date.

The argument from our local rule is mistaken. Circuit Rule 25–2 says that "[a]ll communications to the court, including papers to be filed, shall ... be addressed" to our post office box.[6] There could not be broader, more mandatory language telling petitioner's lawyer to address the petition to our post office box. He did just what the rule said. Although the advisory committee note specifies our street address for overnight mail,[7] which is not our post office box, petitioner's lawyer did not address his overnight mail to our street address. But the failure to comply

the United States Court of Appeals, Post Office Box 193939, San Francisco, California 94119–3939. When it is intended that a communication come to the personal attention of a judge or judges, sufficient copies, not including the original, shall be supplied to the Clerk so that the Clerk can furnish a copy to each judge.

7. Circuit Advisory Committee Note to Rule 25–2 provides: "The address for same day or overnight delivery is Clerk, United States Court of Appeals, 95 Seventh Street, San Francisco, California 94103–1526."

with our advisory committee note does not matter, because the note is not the rule. The rule is the rule. The rule, duly adopted pursuant to Federal Rule of Appellate Procedure 47(a)(1), has the force of law, but the note does not. Had petitioner's lawyer been the sort of fellow who holds up his pants with a belt and suspenders, he might have complied with both the rule and the note, by sending duplicate originals to our street address, as the comment suggests, and to our post office box, as the rule requires. But that degree of caution is not required by law. Compliance with the rule is enough.

■ The INS's second argument is that Federal Rule of Appellate Procedure 25(a) does not treat something as filed until the clerk "receives" it, and this petition did not get to the clerk's office until the day after the due date. What does "receives" mean? All words take meaning from context, so here is the context in which the word is used:

(a) Filing.

 (1) Filing with the Clerk. A paper required or permitted to be filed in a court of appeals *must be filed with the clerk.*

 (2) Filing: Method and Timeliness.

 (A) In general. *Filing may be accomplished by mail addressed to the clerk, but filing is not timely unless the clerk receives the papers within the time fixed for filing.*

 (B) A brief or appendix. *A brief or appendix is timely filed, however, if on or before the last day for filing, it is:*

 (i) *mailed* to the clerk by First–Class Mail, or other class of mail that is at least as expeditious, postage prepaid; or

 (ii) dispatched to a third-party commercial carrier for delivery to the clerk within 3 calendar days.[8]

In this context, what is most plain about the purpose of the word "receives" is that it rejects a mailbox rule for petitions for review. A brief is deemed filed when it is mailed, but a petition for review is deemed filed not when mailed, but only when the clerk "receives" it.

There is a long established set of reasons for rejecting mailbox rules and requiring receipt for critical papers where dates are jurisdictional. One is that the word "filed" "is derived from the Latin word 'filum,' and relates to the ancient practice of placing papers on a thread or wire for safe keeping and ready reference."[9] Clerks now use cabinets instead of strings to hold their filings, but the word still connotes the clerk doing something to the papers upon receiving them. Another reason is that a rule other than one based on receipt by the clerk "would result in confusion and controversies; and we would have a clash of oral testimonies" with the evidence in the hands of the party who claimed to have done something on time.[10] It would be undesirable to have the date of filing be determined by an evidentiary hearing on when lawyers and their employees actually deposited papers in the mail. While in special and limited contexts filing may be accomplished when a person "had done all that could reasonably be expected,"[11] such rules have generally been limited to such situations as prisoners who were not physically free to deliver papers to the clerk's office.[12] Although a file stamp later than the due date might not destroy jurisdiction where the petitioner could show that the clerk received the papers on time, receipt by the clerk would be considered timely.[13]

---

8. Fed. R.App. P. 25(a) (emphasis added).

9. *United States v. Lombardo,* 241 U.S. 73, 76, 36 S.Ct. 508, 60 L.Ed. 897 (1916).

10. *Id.* at 78, 36 S.Ct. 508.

11. *Fallen v. United States,* 378 U.S. 139, 144, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964).

12. *See id.; Houston v. Lack,* 487 U.S. 266, 275, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

13. *Haroutunian v. I.N.S.,* 87 F.3d 374, 375–76 (9th Cir.1996).

Thus the question comes down to whether the clerk received the petition when it arrived on the day it was due at the address specified in Ninth Circuit Rule 25–2. We conclude that she did. So long as our rule states that all mail is to be sent to the post office box-and this rule, does not, by its terms, exclude overnight deliveries-we will not penalize a petitioner whose mail arrives at that address within the time period.

We consider this situation analogous to hand-delivering papers to those smaller clerk's offices that are staffed by only one person, such as our office in Portland, or the district court clerk's office in Fairbanks. In such cases, we would treat papers as received when they arrive at the clerk's office, even though it is physically impossible for the deputy clerk to be present and within sight of the counter at all times during business hours. Otherwise jurisdiction might turn on such fortuities as whether the deputy clerk left for dinner a half hour early, or dashed off to the hospital because her child became ill.[14]

 So long as a litigant complies with our rules, we cannot fault him if the clerk's office proves unable to stamp the petition on the day it arrives. Accordingly, we hold that under the current Ninth Circuit Rule 25–2, when the petition is mailed to our post office box, and tangible evidence (such as a notification slip) exists to prove that the package arrived at that address on a certain day, then the clerk shall treat the petition as received on that day for the purposes of Federal Rule of Appellate Procedure 25(a)(2).

The INS argues that our decision in *Haroutunian*[15] requires a contrary result, but *Haroutunian* does not construe the word "receives" at all, and merely says (as we do) that receipt by the clerk is required.[16] The INS also argues that the Fifth Circuit's decision in *Karimian–Kaklaki*[17] holds otherwise, but it merely rejects a mailbox rule (as we do) because the rule requires receipt, and rejects a tolling rule where the petition would have been received on time had the post office been swifter on its appointed rounds.[18] The Seventh Circuit used an "in the hands of the clerk" test for receipt in *Aircraft Owners*,[19] but that was in the unusual context of a case "on the fastest of expedited tracks," where the court had ordered the litigant to file its brief no later than 4:30 p.m. on the assigned date.[20] In that case, the party brought the papers after the clerk's office had closed for the day and simply threw them on the floor by the elevators in a massive federal building.[21]

Because we conclude that the petition for review was timely filed, we have reached the merits, and in an unpublished disposition filed simultaneously with this decision, found them to be wanting.

The petition for review is DENIED.

---

14. Cf. *Da'Ville v. Wise*, 470 F.2d 1364, 1365 (5th Cir.1973) (treating a petition as received on time even though it was apparently not stamped until two days after it arrived at the deputy clerk's office).

15. *Haroutunian v. I.N.S.*, 87 F.3d 374 (9th Cir.1996).

16. See id. at 375–76.

17. *Karimian–Kaklaki v. I.N.S.*, 997 F.2d 108 (5th Cir.1993).

18. See id. at 111.

19. *Aircraft Owners and Pilots Assoc. v. Hinson*, 102 F.3d 1421 (7th Cir.1996).

20. See id. at 1428–29.

21. See id.