* The panel unanimously finds the case suitable for decision without oral argument. Fed.

Mohamad Riad ALTAWIL,
Petitioner–Appellant,

v.

John ASHCROFT, United States Attorney General, and Charles Demore, District Director, Immigration and Naturalization Service; Respondents–Appellees.

No. 01–17215.

D.C. No. CV–01–03059–MJJ.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2002.*

Decided Oct. 2, 2002.

R.App. 34(a)(2).

Before KOZINSKI and KLEINFELD, Circuit Judges, and REED,** District Judge.

MEMORANDUM ***

Petitioner Mohamad Riad Altawil ("Petitioner") appeals the district court's denial of his motion for a temporary restraining order and petition for habeas corpus challenging the Board of Immigration Appeals' ("BIA") denial of his third motion to reopen his deportation proceedings for lack of subject matter jurisdiction. The district court denied both of Petitioner's requests on October 25, 2001, rejecting Petitioner's claim that his 1996 conviction for grand theft larceny was an offense covered by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), which would divest the court of appeals of jurisdiction to review his petition. Instead, because the maximum punishment for Petitioner's conviction did not exceed one year in prison, the district court held that the "petty offense" exception to IIRIRA Section 309(c)(4)(G) applied.

As there was no bar to jurisdiction over the petition in the court of appeals, the district court found that it should have been filed there. Therefore, the district court had no jurisdiction over the habeas petition. As the parties are otherwise familiar with the facts, we need not repeat them here.

We review the district court's determinations regarding jurisdiction de novo. *Dearinger ex rel. Volkova v. Reno,* 232 F.3d 1042, 1044 (9th Cir.2000). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

It is undisputed that IIRIRA's "transitional rules," which govern judicial review of cases in which there is a final order of deportation entered after October 30, 1996, but where the case was pending prior to April 1, 1997, apply here. *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). The transitional rules set forth the parameters of our jurisdiction over review of final orders of deportation. *See* IIRIRA § 309(c)(4)(A).

If IIRIRA's rules bar jurisdiction, then the claim cannot be asserted in our court, although habeas corpus remains available in the district court. *Flores–Miramontes v. INS,* 212 F.3d 1133 (9th Cir.2000). "If, however, the [jurisdictional] bar does not apply and a petition for review is the appropriate procedure for resolving the issue, the petition must be heard in the court of appeal." *Id.* at 1143.

This case involves interpretation of IIRIRA's transitional rule Section 309(c)(4)(G), which limits the court of appeals' jurisdiction over review of final immigration orders if the petitioner has committed a crime of "moral turpitude" as

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

defined under Immigration and Nationality Act ("INA") § 212(a)(2). IIRIRA § 309(c)(4)(G); *see also Magana–Pizano v. INS*, 200 F.3d 603, 607 (9th Cir.1999).

Petitioner argues that his conviction for grand theft under California Penal Code Section 489 qualifies as a crime of "moral turpitude" under INA Section 212(a)(2). While it is possible that a conviction of grand theft might otherwise qualify as a crime of "moral turpitude," Section 212(a)(2) contains an exception known as the "petty offense exception," which removes from the statute's reach crimes where the maximum penalty does not exceed imprisonment for one year and where the alien's sentence did not exceed six months.

Petitioner was sentenced under California Penal Code § 489(b), which provides as punishment for grand theft "imprisonment in a county jail *not* exceeding one year or in the state prison." Cal. Pen.Code § 489 (emphasis added). Despite Petitioner's argument to the contrary, California Penal Code § 18, which does provide for a maximum penalty of over one year in prison, does not apply. Therefore, the petty offense exception applies.

As there is no basis upon which to find Petitioner's conviction is an offense covered by IIRIRA Section 309(c)(4)(G), Petitioner was obligated to bring his petition for review to this court. Because this remedy was available, there was no jurisdiction in the district court for habeas corpus review under 28 U.S.C. § 2241. *See Flores–Miramontes*, 212 F.3d at 1143. The district court did not err.

When a 28 U.S.C. § 2241 habeas petition is improperly filed in the district court, the court of appeals has the authority to transfer the case to itself for review if jurisdiction is proper there. *Castro–Cortez v. INS*, 239 F.3d 1037, 1046 (9th Cir.2001). The BIA denied Petitioner's mo-

tion to reopen, which constitutes a final order of deportation, on June 7, 2001. Petitioner filed his petition for habeas corpus in the district court on August 9, 2001, over a month after the thirty day time limit had expired. Therefore, even if Petitioner had filed his petition in the court of appeals as required, we would not have been able to exercise jurisdiction over it because it was filed a month late. *See Sheviakov v. INS*, 237 F.3d 1144, 1146 (9th Cir.2001). Transfer would, therefore, be inappropriate.

AFFIRMED.