**Ramon ARREGUIN; Rita Tovar, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71052.

Agency Nos. A76–380–239, A76–380–240.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 25, 2004.

Edgardo Quintanilla, Attorney at Law, Keren Bahar, Law Offices of Edgardo Quintanilla, Sherman Oaks, CA, for Petitioners.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Jacqueline Dryden, U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM**

Ramon Arreguin and his wife Rita Tovar, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen removal proceedings in which the BIA affirmed the decision of an immigration judge denying their applications for cancellation of removal. We dismiss the petition.

■ We lack jurisdiction to review the BIA's original decision because Petitioners did not timely appeal the BIA's first decision to this Court. *See* 8 U.S.C. § 1252(b)(1); *Sheviakov v. INS*, 237 F.3d 1144, 1146 (9th Cir.2001) (30–day rule is mandatory and jurisdictional); *Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996) (motion to reopen does not toll period). In addition, we lack jurisdiction to review the decision because it is based in part on a determination that Petitioners failed to demonstrate "exceptional and extremely unusual hardship." *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 889–90 (9th Cir.2003).

** This disposition is not appropriate for publication and may not be cited to or by the

■ We also lack jurisdiction to review the BIA's denial of Petitioners' motion to reopen because such a denial is a judgment regarding the granting of the discretionary relief of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *cf. Medina–Morales v. Ashcroft*, 371 F.3d 520, 525–27 (9th Cir.2004) (finding jurisdiction to review denial of motion to reopen where there was never a ruling on the discretionary relief sought by alien).

We do not consider Arreguin's eligibility, if any, for relief under the settlement agreement in *Catholic Social Services, Inc. v. Ridge*, Civ S–86–1343–LKK (E.D.Cal.), or *Newman v. U.S. Citizenship & Immigration Services*, Civ. No. 87–4757–WDK (CWx) (C.D.Cal.).

**PETITION FOR REVIEW DISMISSED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.