**Maria CALVILLO–MARTINEZ,
Petitioner,**

v.

**Alberto GONZALES,\* Attorney
General, Respondent.**

No. 03–71651.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 22, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elena Yamplosky, Russell M. Jauregui, Vellanoweth & Gehart, Los Angeles, CA, for Petitioner.

Carlos Vellanoweth, Esq., John Wolfgang Gehart, Vellanoweth & Gehart, LLP, Los Angeles, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Papu Sandhu, Esq., DOJ—U.S. Department of Justice, Shahira M. Tadross, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

### MEMORANDUM ***

Maria Calvillo–Martinez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an immigration judge's ("IJ") denial of her application for a waiver under former INA § 212(c). We have partial jurisdiction pursuant to former 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We deny in part and dismiss in part the petition for review.

■ Calvillo–Martinez's due process challenge to streamlining is foreclosed by *Falcon Carriche v. Aschroft*, 350 F.3d 845, 849–50 (9th Cir.2003). We lack jurisdiction to consider Calvillo–Martinez's regulatory challenge to streamlining because we lack jurisdiction over the discretionary waiver determination she challenges. *See id.* at 848–49 (holding that the court lacked jurisdiction to consider petitioners' regulatory challenge to streamlining because the court lacked jurisdiction over petitioners' underlying hardship determination).

■ Because Calvillo–Martinez failed to exhaust her administrative remedies with respect to her contention that the IJ did not behave as an impartial adjudicator, we lack jurisdiction to consider this claim. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004) (noting that exhaustion is mandatory and jurisdictional).

■ Furthermore, we lack jurisdiction to consider the BIA's denial of Calvillo–Martinez's motion to reconsider because she did not timely petition this Court for review of that decision. *See* 8 U.S.C. § 1252(b)(1); *Sheviakov v. INS*, 237 F.3d 1144, 1146 (9th Cir.2001) (noting that 30-day rule is mandatory and jurisdictional).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.