**Helen LATA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 02–73665.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2006.*

Decided Feb. 1, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

564

---

Ashwani K. Bhakhri, Esq., Joseph J. Siguenza, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Linda S. Wendtland, Esq., Luis E. Perez, Esq., Washington, DC, for Respondent.

Before: NOONAN, TASHIMA, and W. FLETCHER, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM **

Petitioner Helen Lata Singh ("Lata"), an Indo–Fijian citizen of Fiji, petitions for review of two decisions of the Board of Immigration Appeals ("BIA"). Because the parties are familiar with the facts, we do not recite them in detail. We grant the first petition, but deny the second petition.

The first BIA decision denied Lata's first motion to reopen her asylum and withholding of removal proceedings. We review the BIA's denial of a motion to reopen for abuse of discretion. *Malty v. Ashcroft,* 381 F.3d 942, 945 (9th Cir.2004). We review the BIA's factual findings for substantial evidence. *Hamoui v. Ashcroft,* 389 F.3d 821, 826 (9th Cir.2004).

■ The BIA abused its discretion by failing to give specific reasons for its decision. *See Mohammed v. Gonzales,* 400 F.3d 785, 792 (9th Cir.2005) ("We have held that the BIA must issue a decision that fully explains the reasons for denying a motion to reopen." (citation omitted)). The BIA's analysis of Lata's motion consisted of a single sentence: "The motion and accompanying evidence fail to make a prima facie showing that the respondent is eligible for the relief requested." This decision fails to address Lata's evidence, and provides no specific reasons for finding that Lata had not made out a case for relief. *See Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1227 (9th Cir.2002) (reviewing a similarly worded BIA decision). Accordingly, we grant Lata's petition for review of the denial of her first motion to reopen, and remand to allow the BIA to provide specific reasons for its decision. *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1098–99 (9th Cir.2005).

courts of this circuit except as provided by 9th Cir. R. 36–3.

■ The second BIA decision denied Lata's second motion to reopen because it was untimely and because Lata had failed to demonstrate due diligence sufficient to warrant equitable tolling of the 90–day filing deadline. *See* 8 C.F.R. § 1003.2(c)(2). We recognize equitable tolling of deadlines and numerical limits on motions to reopen during periods when a petitioner is prevented from filing because of counsel's error, as long as the petitioner acts with due diligence in discovering the error. *See Iturribarria v. INS,* 321 F.3d 889, 897–98 (9th Cir.2003). The BIA had substantial evidence to support its finding that Lata was not diligent because Lata did not seek out and retain new counsel until sometime in 2003, which was at least several months after the BIA denied her first motion to reopen, and she did not file the motion until April, 2004. Therefore, we deny Lata's petition for review of the decision on her second motion to reopen.

■ We lack jurisdiction over Lata's remaining contentions. We cannot review the BIA's initial decision affirming the Immigration Judge ("IJ") because Lata did not file a petition for review within 30 days of that decision. *See* 8 U.S.C. § 1252(b)(1); *Sheviakov v. INS,* 237 F.3d 1144, 1146 (9th Cir.2001). We cannot consider Lata's claim under the Convention Against Torture because she has not previously raised this claim before the IJ or the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that we cannot reach the merits of a legal claim not presented in administrative proceedings below).

The first petition for review, No. 02–73665, is **GRANTED**, and the case is **REMANDED**. The second petition for review, No. 04–74491, is **DENIED**.