Ricardo **BECERRA–SERRANO; Maria Magdalena Becerra, Petitioners,**

v.

Eric H. **HOLDER Jr., Attorney General, Respondent.**

Nos. 06–72913, 06–74248.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Jan. 4, 2010.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Magdalena Becerra, spouses and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal, and the BIA's order denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, including due process violations, *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003), and review for abuse of discretion the denial of a motion to reopen, *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008). In No. 06–72913, we dismiss the petition for review. In No. 06–74248, we deny the petition for review.

Yu Kanosue, Esq., Law Offices of Yu Kanosue, Davis, CA, Christopher J. Todd, Esq., for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM **

In these consolidated petitions for review, Ricardo Becerra–Serrano and Maria

■ Petitioners did not file their first petition to this court within 30 days of the BIA's decision. We therefore lack jurisdiction, and dismiss their petition. *See Magtanong v. Gonzales,* 494 F.3d 1190, 1191 (9th Cir.2007).

■ The BIA did not abuse its discretion by denying Petitioners' motion to reopen, because the BIA considered the evidence they submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law.").

The BIA also did not abuse its discretion in denying Petitioners' motion to reopen because they failed to comply with the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988). *See*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Reyes v. Ashcroft,* 358 F.3d 592, 597–99 (9th Cir.2004).

Petitioners' remaining contentions are unpersuasive.

**IN 06–72913, PETITION FOR REVIEW DISMISSED.**

**IN 06–74248, PETITION FOR REVIEW DENIED.**