**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CORINA REYES-VILLEGAS, | No. 11-73860 |
| Petitioner, | Agency No. A070-952-403 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before:      HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Corina Reyes-Villegas, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying her

motion to reconsider.  Our jurisdiction is governed by 8 U.S.C. § 1252.  This

petition for review is timely because the court's records indicate the court received

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the express mail containing the petition for review on December 15, 2011.  *See*

*Sheviakov v. INS*, 237 F.3d 1144, 1148 (9th Cir. 2001) (when evidence "exists to

prove that the package arrived at that address on a certain day," the petition is

treated "as received on that day").  We review for abuse of discretion the denial of

a motion to reconsider.  *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002).

We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Reyes-Villegas's motion for

reconsideration, because it failed to identify errors of facts or law in the BIA's

prior decision denying her claims for asylum, withholding of removal, and relief

under the Convention Against Torture.  *See* 8 C.F.R. § 1003.2(b)(1).

We lack jurisdiction to review Reyes-Villegas's challenges to the

proceedings before the immigration judge, or the BIA's denial on the merits,

because this petition for review is untimely as to those proceedings.  *See*

*Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005) (en banc) (requiring

any petition for review to be "filed not later than 30 days after the date of the final

order of removal") (citation and internal quotation omitted).

Finally, we lack jurisdiction to consider Reyes-Villegas's request for prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**