**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR SALVADOR GUTIERREZ-MORENO, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 13-72293 <br><br> Agency No. A075-494-448 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 9, 2017
Pasadena, California

Before:  REINHARDT and NGUYEN, Circuit Judges, and MARBLEY,[**] District Judge.

Hector Salvador Gutierrez-Moreno ("Gutierrez"), a native and citizen of

Honduras, petitions for review of two orders of the Board of Immigration Appeals:

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

(1) a December 29, 2010 order dismissing his appeal from the Immigration Judge's ("IJ") denial of his applications for adjustment of status and cancellation of removal; and (2) a May 29, 2013 order affirming the IJ's denial of Gutierrez's request for a continuance. We have jurisdiction under 8 U.S.C. § 1252, and review legal questions, including determinations of our jurisdiction, de novo. *Andersen v. United States*, 298 F.3d 804, 807 n.2 (9th Cir. 2002) (citing *Didrickson v. U.S. Dep't of Interior*, 982 F.2d 1332, 1337 (9th Cir. 1992)). We review an IJ's denial of a continuance for an abuse of discretion. *Nakamoto v. Ashcroft*, 363 F.3d 874, 883 n.6 (9th Cir. 2004) (citing *Baires v. I.N.S.*, 856 F.2d 89, 91 (9th Cir. 1988)). For the reasons that follow, we deny Gutierrez's petition for review.

We lack jurisdiction to review the Board of Immigration Appeals' ("BIA") December 2010 decision. Our jurisdiction to review a deportation decision is limited to a "final order of removal." 8 U.S.C. § 1252(a)(1), (b)(9); *see also Singh v. Lynch*, 835 F.3d 880, 882 (9th Cir. 2016) (per curiam). A petition for judicial review "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). This thirty-day filing deadline is "mandatory and jurisdictional." *Magtanong v. Gonzales*, 494 F.3d 1190, 1191 (9th Cir. 2007) (per curiam) (citing *Stone v. I.N.S.*, 514 U.S. 386, 405 (1995)). "A mandatory and

jurisdictional rule cannot be forfeited or waived, and courts lack the authority to create equitable exceptions to such a rule." Id. (internal citation omitted).

It is well settled in this Circuit that a BIA order denying an alien relief from removal but remanding the case to an IJ for voluntary departure proceedings is a final order of removal from which a timely petition for judicial review must be filed. *See Singh*, 835 F.3d at 883; *Rizo v. Lynch*, 810 F.3d 688, 690 (9th Cir. 2016); *Pinto v. Holder*, 648 F.3d 976, 977-78 (9th Cir. 2011); *Castrejon-Garcia v. I.N.S.*, 60 F.3d 1359, 1361 (9th Cir. 1995). It is undisputed that, in its December 2010 order, the BIA remanded Gutierrez's case solely for voluntary departure proceedings, and that Gutierrez did not file a petition for review within thirty days of that order. We are therefore barred from reviewing the BIA's December 2010 order-which Gutierrez's counsel correctly conceded at oral argument.

Gutierrez's attorney also correctly admitted that the IJ's denial of a continuance, the only remaining issue before the Court, was not prejudicial. An alien applying for adjustment of status must have "an immigrant visa . . . immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a). Only aliens present in the United States who have been inspected and admitted or paroled into the country are eligible for adjustment of status. *See id*. § 1255(a)-(c). Otherwise, aliens must process their applications for permanent

residence abroad, through their home country's United States consulate. *See id.* § 1154(a)-(b). As an exception to this rule, an alien who is the beneficiary of an immigrant visa petition that was filed on or before April 30, 2001 and was approvable when filed, is a "grandfathered alien" and can apply for adjustment of status. *See id.* § 1255(i); 8 C.F.R. §§ 245.1(b), 245.10(a)(1). In lieu of leaving the United States, grandfathered aliens can pay a fee for the convenience of remaining in the country and applying for adjustment of status. *See* 8 U.S.C. § 1255(i); 8 C.F.R. §§ 245.1(b), 245.10(a)(1).

In August 2011, approximately five years after learning that his immigrant visa petition with a 1993 priority date had been cancelled, Gutierrez attempted to have the 1993 visa petition reinstated, or obtain approval of a newly-filed immigrant visa petition with the original 1993 priority date. At his final hearing before the IJ, Gutierrez confirmed that his original immigrant visa petition would not be reinstated, and requested a continuance to see if his efforts to retain the 1993 priority date for his newly-filed visa petition would be successful. The IJ denied the request. In its May 2013 order affirming the IJ's decision, the BIA noted that the visa petition filed by Gutierrez in August 2011 had been approved while his administrative appeal was pending, but Gutierrez had not informed the BIA

4

whether he had successfully retained the 1993 priority date. Nor did he do so in his briefing to this Court.

Thus, the Government asserted in its briefing the likelihood that: (1) Gutierrez's efforts to retain the 1993 priority date were unsuccessful; (2) his visa priority date is August 29, 2011, meaning that Gutierrez is not a grandfathered alien; and (3) he therefore did not have a visa immediately available to him, making him statutorily ineligible for adjustment of status. Gutierrez's counsel acknowledged at oral argument that the Government's assertions were indeed correct. He also explicitly acknowledged that, because Gutierrez was ultimately unable to retain a 1993 priority date, the IJ's denial of a continuance was not prejudicial. Therefore, the petition for review is denied.

Petition **DISMISSED** in part for lack of jurisdiction; **DENIED** in part.