**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO GUTIERREZ IBARGUEN, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | Nos. 19-72099 <br> 19-72961 <br><br> Agency No. A215-565-405 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2020**

Before: TROTT, SILVERMAN, and N.R. SMITH, Circuit Judges.

In these consolidated petitions for review, Francisco Gutierrez Ibarguen, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to remand and dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. In No.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

19-72961, we dismiss the petition for review. In No. 19-72099, we dismiss in part and grant in part the petition for review, and remand.

We lack jurisdiction to review petition No. 19-72961, where it was filed more than 30 days after the BIA's final order of removal. *See* 8 U.S.C. § 1252(b)(1); *Sheviakov v. INS*, 237 F.3d 1144, 1146 (9th Cir. 2001).

We lack jurisdiction to review the BIA's discretionary hardship determination and its decision that hardship evidence submitted with Gutierrez Ibarguen's appeals brief on August 26, 2019, did not merit a remand. *See Fernandez v. Gonzales*, 439 F.3d 592, 598-600 (9th Cir. 2006). Gutierrez Ibarguen's contention that the IJ did not give him a sufficient opportunity to submit evidence is unexhausted. *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (no jurisdiction to review legal claims not raised before the BIA).

It appears the BIA overlooked Gutierrez Ibarguen's motion to remand, filed on October 7, 2019, and the attached evidence, including a court order vacating a prior conviction and letters of support from his lawful permanent resident father and U.S. citizen daughter. *See Narayan v. Ashcroft*, 384 F.3d 1065, 1068 (9th Cir. 2004) ("the BIA must address and rule upon remand motions"). Although the BIA's order addresses remand, this appears to refer to evidence submitted on August 26, 2019. We take notice of the BIA's April 30, 2020, order denying a subsequent motion, but that order does not clarify whether the BIA ever considered

the October 7, 2019, motion and evidence.  *See Dent v. Holder*, 627 F.3d 365, 371

(9th Cir. 2010) (taking judicial notice of agency records).  We therefore remand for

the BIA to clarify whether it considered the October 7, 2019, motion and

accompanying evidence, and if necessary, to consider them in the first instance.

The government must bear the costs for this petition for review.

No. 19-72099:  **PETITION FOR REVIEW DISMISSED in part;**

**GRANTED in part; REMANDED.**

No. 19-72961:  **PETITION FOR REVIEW DISMISSED.**