**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TOMASA BURGARA-CAMACHO, | No. 20-70399 |
| Petitioner, | Agency No. A075-731-798 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 16, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and BRESS and BUMATAY, Circuit Judges.

Tomasa Burgara-Camacho appeals from the denial of her motion to reopen

immigration proceedings that ended in August 2002. We have jurisdiction under 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252 and review for an abuse of discretion. *See Flores v. Barr*, 930 F.3d 1082, 1086–87 (9th Cir. 2019) (per curiam). We deny the petition.[1]

Burgara-Camacho does not dispute that she sought reopening well after the statutory deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). Although that deadline is subject to equitable tolling, the Board of Immigration Appeals did not err in declining to toll on the basis of ineffective assistance of counsel when Burgara-Camacho made no showing that she exercised due diligence in discovering the attorney errors that purportedly prevented her from timely filing. *See Bonilla v. Lynch*, 840 F.3d 575, 583 (9th Cir. 2016) ("enforc[ing] the denial" of an untimely motion to reopen where there was an unexplained "six year gap . . . in [the petitioner's] pursuit of legal advice").

**PETITION DENIED.**

---

[1] The government requests dismissal on the ground that Burgara-Camacho failed to petition for review within 30 days of the final removal order, as required under 8 U.S.C. § 1252(b)(1). Because court-generated records indicate otherwise, we conclude that we have jurisdiction. *Cf. Sheviakov v. INS*, 237 F.3d 1144, 1146–48 (9th Cir. 2001) (declining to dismiss a petition as untimely where there was "tangible evidence" that the petition arrived in the clerk's post office box by the deadline even though the clerk's office did not "stamp the petition" as filed until the next day); 9th Cir. R. 25-5(c)(2) ("An electronic filing successfully completed by 11:59 p.m. Pacific Time will be entered on the Court's docket as of that date.").