NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 26 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TINGTING ZHANG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   19-72406

Agency No. A206-336-830

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 9, 2022
San Francisco, California

Before:  HURWITZ and VANDYKE, Circuit Judges, and ERICKSEN,[**] District
Judge.
Dissent by Judge VANDYKE.

Tingting Zhang, a citizen of China, seeks review of a decision by the Board

of Immigration Appeals ("BIA") dismissing her appeal from an order of an

Immigration Judge ("IJ") denying her applications for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Joan N. Ericksen, United States District Judge for the
District of Minnesota, sitting by designation.

removal, and protection under the Convention Against Torture ("CAT"). We grant the petition for review.

1. We first address our jurisdiction. Because the BIA ordered Zhang removed on August 20, 2019, a petition for review was required to be filed no later than September 19, 2019. *See* 8 U.S.C. § 1252(b)(1). The Clerk stamped Zhang's petition as "received" on September 20, also indicating that it was "filed" and "docketed" on that day. The government therefore contends that the petition was untimely.[1]

The timeliness of a filing turns on when the Clerk "receives" the petition. Fed. R. App. P. 25(a)(2)(A)(i). Ninth Circuit Rule 25-2 requires anyone submitting a paper document for filing "via the United States Postal Service" to mail the document to the Court's San Francisco Post Office box. A paper filing is "received" on the day it arrives at the Post Office box. *See Sheviakov v. INS*, 237 F.3d 1144, 1148 (9th Cir. 2001).

The government does not contest that Zhang mailed her petition to this Court's Post Office box, but contends that there is no proof that it arrived on or before September 19, 2019. But the docket provides evidence that, on September 17, 2019, Zhang mailed a petition for review to the Post Office box by USPS Priority Mail 2-

---

[1] The government's motion to dismiss for lack of jurisdiction was denied without prejudice to renewal of the argument in the merits briefing, and the government did so.

2

Day. The envelope containing the petition was retained by the Clerk and entered into the docket; it is addressed to the Post Office box, and the postage sticker on the envelope shows that it was sent on September 17, 2019, with an "expected delivery date" of September 19, 2019.[2]

We addressed a similar scenario in *Sheviakov*, 237 F.3d at 1144–48. In that case, we observed that, in the "ordinary course," filings received in the Court's Post Office box typically are not "physically brought into" the Clerk's office and stamped as filed until the day after receipt. *Id.* at 1146. We therefore treated a filing sent to the Post Office box as timely despite the fact that it was stamped as filed a day later. *Id*. at 1148. This approach, we explained, prevents jurisdiction from turning on "such fortuities as whether the deputy clerk left for dinner a half hour early." *Id.*

In *Sheviakov*, unlike this case, two "notices" in the Post Office box indicated that the filing had timely arrived. *Id*. at 1146. But the "ordinary course" of the Clerk's office noted in *Sheviakov* and the mailing envelope in which Zhang's petition was received, which noted the expected delivery date, provide evidence that the petition was timely received.[3] *See McNutt v. Gen. Motors Acceptance Corp. of*

---

[2]    When the government's motion to dismiss was filed, tracking data for the petition was no longer available, as the Postal Service retains such data for only 120 days. United States Postal Service, *USPS Tracking—The Basics* (Nov. 19, 2021), http://faq.usps.com/s/article/USPS-Tracking-The-Basics.

[3]    The dissent accurately notes that USPS has ended its use of "notification slips"

*Ind.*, 298 U.S. 178, 189 (1936) (noting that the party alleging jurisdiction may "justify his allegations by a preponderance of the evidence"). Because the government offers no evidence to the contrary other than the Clerk's stamp—which *Sheviakov* establishes is not itself conclusive, *see* 237 F.3d at 1146–48—we find the petition timely and proceed to its merits.[4]

2. The IJ found Zhang not credible because he found it implausible that someone who claimed to have been arrested for her religious beliefs and subsequently denied employment because of that arrest could have exited China without being stopped at airport exit controls. The BIA upheld that adverse credibility determination.[5] We review "adverse credibility determinations[] for substantial evidence," *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020), considering the "totality of the circumstances and all relevant factors," *Alam v.*

---

in favor of online tracking. *See* Dissent at 6–7 n.3. Online tracking data was not available in this case. *See supra* note 2. Importantly, however, the dissent does not contend that the Clerk has ended the practice of stamping filings picked up from the Post Office box on the next day, when they are "physically brought into" the Clerk's office. *Sheviakov*, 237 F.3d at 1146.

[4] We deny Zhang's motion for judicial notice of material from the Postal Service website purportedly further supporting her argument that the petition arrived on time, Dkt. 22, as moot.

[5] The IJ's second rationale for the adverse credibility determination—resting on his doubts about whether a letter from Zhang's mother was genuine—was not relied upon by the BIA in dismissing the appeal. Therefore, we do not address it. *See Iman*, 872 F.3d at 1064.

*Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc). A finding of implausibility will not support an adverse credibility determination if supported only by "mere speculation and conjecture." *Yan Xia Zhu v. Mukasey*, 537 F.3d 1034, 1039 (9th Cir. 2008).

Here, the IJ assumed that Chinese airport authorities would have uncovered Zhang's arrest record and prevented her from departing the country. But, we have repeatedly instructed that "conjecture about the expected efficiency and competence of government officials" does not "substitute for substantial evidence." *Ge v. Ashcroft*, 367 F.3d 1121, 1126 (9th Cir. 2014); *see also, e.g., Li v. Holder*, 559 F.3d 1096, 1103–04 (9th Cir. 2009) (credibility determination was "riddled with speculation," including the belief that "the [Chinese] police should have ferreted out the purposefully secret religious meeting sooner"); *Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir. 2004) (IJ relied on "personal conjecture about the manner in which Indian passport officials carry out their duties"); *Arulampalam v. Ashcroft*, 353 F.3d 679, 687 (9th Cir. 2003) (beliefs about how Sri Lankan soldiers would guard roadblocks were "pure hypothesis"). We therefore grant the petition for review and remand for further consideration of Zhang's application for relief by the agency.

**PETITION GRANTED.**


*Tingting Zhang v. Garland*, No. 19-72406

VANDYKE, Circuit Judge, dissenting.

We do not have the power to extend the jurisdictional deadline to file a petition for review. Tingting Zhang was required to file her petition by September 19, 2019, and bears the burden to demonstrate that the Court received her petition by that deadline. Zhang has produced no evidence making that showing. All she has evinced is that she mailed her petition so that, if it arrived on time, it would have been timely. But that is not evidence it actually arrived on time, and our court has rejected proof-of-mailing a petition as proof of timely receipt. The majority extends our precedent so that it effectively relieves Zhang of her burden. I would dismiss the petition for lack of jurisdiction, and therefore respectfully dissent.

As the majority explains, a petition for review of a decision by the Board of Immigration Appeals is timely filed if the Clerk of the Court "receives" the petition on or before the date it is due. Fed. R. App. P. 25(a)(2)(A)(i). Our circuit rules and caselaw clarify that a paper filing is "received" on the day it arrives at one of two addresses to which it can be mailed, whether that be the Ninth Circuit's physical address (the James R. Browning Courthouse in San Francisco) or the Ninth Circuit's offsite Post Office Box (also in San Francisco). 9th Cir. R. 25-2; *see also Sheviakov v. I.N.S.*, 237 F.3d 1144, 1148 (9th Cir. 2001). No evidence shows that the petition in this case was "received" at either address by the September 19, 2019 deadline.

1

Instead, the petition was file-stamped by the clerk's office on September 20, 2019, and Zhang failed to provide any tangible evidence showing the petition arrived before that date. *See Sheviakov*, 237 F.3d at 1146–1148 (explaining that a petition file-stamped after the jurisdictional deadline must be dismissed for lack of jurisdiction unless petitioner provides tangible evidence that the Clerk of Court received the petition on time).

According to the majority, Zhang satisfied her burden to show the petition arrived on time because (1) USPS provided September 19, 2019 as the "expected" delivery date when Zhang mailed the petition, and (2) it is possible that the petition arrived at the Ninth Circuit P.O. Box before the date the clerk file-stamped it. But no tangible evidence shows that actually happened. The majority's attempt to rely on what *presumably* happened conflicts with our caselaw and effectively relieves Zhang of her burden without admitting so. *Sheviakov*, 237 F.3d at 1147 ("[A] rule other than one based on receipt by the clerk 'would result in confusion and controversies; and we would have a clash of oral testimonies' with the evidence in the hands of the party who claimed to have done something on time. It would be undesirable to have the date of filing be determined by an evidentiary hearing on when lawyers and their employees actually deposited papers in the mail."); *Magtanong v. Gonzales*, 494 F.3d 1190, 1191 (9th Cir. 2007) ("A mandatory and

2

jurisdictional rule cannot be forfeited or waived and courts lack the authority to create equitable exceptions to such a rule." (internal citation omitted)).[1]

## I. *Sheviakov* Did Not Broadly Extend the Jurisdictional Deadline for All Petitions Mailed to the Court's Post Office Box and Stamped by the Clerk's Office as Filed Late.

The majority relies on *Sheviakov* as supporting its conclusion that a petition file-stamped on September 20, 2019, was actually received on September 19, 2019, despite Zhang providing no evidence of the latter. But nothing in *Sheviakov* allows us to declare timely all filings sent to the Ninth Circuit P.O. Box that are stamped as one day late. The majority confuses the legal question analyzed in *Sheviakov* (Is a petition "received" under Fed. R. App. P. 25 when there is evidence that it arrived at the P.O. Box on time?) with the factual deficiency at issue in this case (Does any evidence show Zhang's petition actually arrived at the P.O. Box on time?).

In *Sheviakov*, the court considered whether a petition that arrived in the Ninth Circuit P.O. Box the day it was due, but was not picked up by the clerk's office until the following day, was "received" on the day it arrived in the P.O. Box. *Sheviakov*, 237 F.3d at 1146–48. To answer that question, the court focused on two notification

---

[1] We have strictly construed the jurisdictional timely filing requirement in many published and unpublished decisions. *Singh v. Lynch*, 835 F.3d 880, 882 (9th Cir. 2016); *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958 (9th Cir. 2012); *Torres v. Barr*, 828 Fed. Appx. 436, 437 (9th Cir. 2020); *Gutierrez-Moreno v. Sessions*, 684 Fed. Appx. 651, 653 (9th Cir. 2017); *Hernandez-Buruca v. Holder*, 538 Fed. Appx. 761 (9th Cir. 2013); *Singh v. Holder*, 529 Fed. Appx. 845, 846 (9th Cir. 2013); *Becerra-Serrano v. Holder*, 360 Fed. Appx. 960, 961 (9th Cir. 2010).

3

slips placed in the P.O. Box. *Id.* at 1148. Those slips, placed in the box at two different times before the deadline, were "tangible evidence" establishing the date the petition arrived. *Id.* The court reasoned that because tangible evidence showed the petition arrived at the post office box the day it was due, the petition was "received on that day for the purposes of Federal Rule of Appellate Procedure 25(a)(2)." *Id.*

Here, there are no notification slips or other tangible evidence showing that Zhang's petition arrived at the P.O. Box or courthouse before September 20, 2019, when the clerk file-stamped it. *Cf. Sheviakov*, 237 F.3d at 1147 (explaining that "a file stamp later than the due date might not destroy jurisdiction *where the petitioner could show that the clerk received the papers on time*" (emphasis added)). And because petitioner failed to provide any such tangible evidence, we cannot analyze whether that evidence shows the petition was "received" before the deadline like in *Sheviakov*.[2] *See Haroutunian v. I.N.S.*, 87 F.3d 374, 375–76 (9th Cir. 1996) ("It's possible … the petition was received by the clerk before the filing deadline but was not filed until afterwards, in which case it would be timely. [Petitioner], however,

---

[2] The majority assumes that the petition arrived at the P.O. Box on September 19, 2019, and was delivered to the courthouse the following day, resulting in an inadvertent file-stamp after the due date. But it is also possible that the petition arrived on September 20, 2019, and was delivered to the courthouse the same day, resulting in an accurate file-stamp after the due date. The majority relieves Zhang of her burden to show that it was the former, not the latter.

4

failed to present any evidence that the petition was received before July 20.  Because the party invoking jurisdiction has the burden of proof we must proceed on the assumption that the petition was received on July 20." (internal quotations and citations omitted)).  Accordingly, the majority errs by analogizing this case, which turns on a factual deficiency, to *Sheviakov*, which addressed a legal question with no factual deficiency.

## II.     Mere Conjecture Cannot Satisfy Zhang's Jurisdictional Burden.

Recognizing that Zhang failed to provide any tangible evidence that the petition arrived on time, the majority focuses on (1) an *expected* delivery date provided to Zhang by USPS and (2) *Sheviakov*'s factual background section outlining Ninth Circuit mail intake procedures.  The majority reasons that combining the expected delivery date with *Sheviakov*'s facts supports the conclusion that Zhang has proven that her petition arrived on time.  But that can't be true, because if it was, *any* petition mailed to the Ninth Circuit P.O. Box after *Sheviakov* with a timely "expected" delivery date would be considered timely, regardless whether it actually arrived days, weeks, or months after the expected date.  *Cf. Haroutunian*, 87 F.3d at 376 n.4 ("To avoid uncertainty, parties can obtain proof of the actual delivery date by requesting a return receipt from the Postal Service.  Alternatively, they can use a private shipper, such as Federal Express or United Parcel Service, which records the date on which items are delivered.  Haroutunian has presented no such evidence.").

5

And, notably, the Circuit Advisory Committee Note to the amended Rule 25-2 specifically anticipates the majority's expected delivery date rationale and rejects it, stating that "[l]itigants are reminded that a commercial carrier's failure to deliver a document within the anticipated interval does not excuse the failure to meet a mandatory and jurisdictional deadline." *See* Circuit Advisory Committee Note to 9th Cir. R. 25-2.

Nor can the majority rely solely on *Sheviakov*'s facts to determine that Zhang's petition was received on time. *Sheviakov* does not establish that it is the "ordinary course" for any petitioner who ships their petition to the Ninth Circuit P.O. Box to receive an extra day to file it. To the contrary, it merely uses the phrase "ordinary course" to explain that when *Sheviakov*'s facts occurred, mail was routinely delivered to the clerk's office the day after it arrived. *See Sheviakov*, 237 F.3d at 1146 ("The petition was available for pickup the day it was due, June 23, but, as was the ordinary course, was not physically brought into the clerk's office until the routine delivery the next morning."). It should go without saying, but we should not treat twenty-year-old, out-of-date mail intake procedures as controlling the facts in this case and mandating a factual conclusion that, unlike *Sheviakov*, simply is not demonstrated on this record.[3]

---

[3] While I do not think it is appropriate (or necessary) to decide this case based on non-record information, I did ask the clerk's office if our court's mail intake practices have changed since *Sheviakov*. Unsurprisingly, those practices *have*

The majority's final attempt to save jurisdiction is to conclude that the "government offers no evidence" disproving jurisdiction "other than the Clerk's stamp." But that rationale inappropriately assumes jurisdiction already exists and shifts the evidentiary burden to the government. *Cf. Magtanong*, 494 F.3d at 1191 (dismissing for lack of jurisdiction because "Magtanong has not shown that he filed his petition for review within the statutory 30–day filing period and he has failed to present tangible evidence that the petition arrived before or on the thirtieth day" (internal citation omitted)); *see also Haroutunian*, 87 F.3d at 375–76. *Sheviakov* does not say that the government is required to disprove jurisdiction when a petition is stamped as received after the jurisdictional deadline. *Sheviakov*, 237 F.3d at 1146 ("This deadline for filing is jurisdictional, and so there is nothing we can do about it if the filing came one day late."). Instead, *Sheviakov* says that we lack jurisdiction to review a late petition—even if received only one day late—*unless* tangible evidence shows it actually arrived on time. *Id*. at 1148 ("Accordingly, we hold that under the current Ninth Circuit Rule 25–2, when the petition is mailed to our post office box, *and tangible evidence (such as a notification slip) exists to prove that the package arrived at that address on a certain day*, then the clerk shall treat the petition as received on that day for the purposes of Federal Rule of Appellate

changed as a result of technology changes. The clerk's office no longer relies on notification slips for USPS mail. USPS's online tracking system has replaced such slips. And Zhang provided no such tracking information.

Procedure 25(a)(2)." (emphasis added)). And in this case, where the petition was file-stamped after the jurisdictional deadline and no tangible evidence has been provided showing that it arrived on time, there is no requirement that the government offer evidence to prove it was late.

* * *

The majority errs by analyzing this case as if Zhang provided evidence showing that the petition arrived earlier than the date the clerk's office states it was received. She didn't. Likewise, it errs by asserting that the government is required to present evidence to disprove jurisdiction when jurisdiction wasn't established in the first place. It doesn't. Because the clerk's office received Zhang's petition after the jurisdictional deadline and—unlike in *Sheviakov*—no tangible evidence shows the petition arrived before that date, we lack jurisdiction.

8