NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OSCAR CERVANTES-ORTIZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   20-72662

Agency No. A200-711-584

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2022[**]
Pasadena, California

Before:  LEE and BRESS, Circuit Judges, and FITZWATER,[***] District Judge.

Oscar Cervantes-Ortiz (Ortiz), a citizen of Mexico, petitions for review of a

Board of Immigration Appeals (BIA) decision dismissing his appeal of an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Immigration Judge (IJ) order denying his request for cancellation of removal. In this context, we may review only colorable legal or constitutional claims. *See* 8 U.S.C. §§ 1252(a)(2)(B)(i), (a)(2)(D); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Because we lack jurisdiction over Ortiz's challenge, we dismiss the petition for review.[1]

Under 8 U.S.C. § 1229b(b)(1), "[t]he Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States," if the alien shows, *inter alia*, "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." *Id.* § 1229b(b)(1)(D). The BIA affirmed the IJ's finding that Ortiz did not show that his removal would result in exceptional and extremely unusual hardship to any of his qualifying relatives, and the agency concluded in the alternative that Ortiz did not establish that he warrants

---

[1] Ortiz's petition was timely filed. Under Federal Rule of Appellate Procedure 25(a), "a petition for review is deemed filed not when mailed, but only when the clerk 'receives' it." *Sheviakov v. INS*, 237 F.3d 1144, 1147 (9th Cir. 2001). However, under Ninth Circuit Rule 25-2, "when the petition is mailed to [the court's] post office box, and tangible evidence (such as a notification slip) exists to prove that the package arrived at that address on a certain day, then the clerk shall treat the petition as received on that day for the purposes of Federal Rule of Appellate Procedure 25(a)(2)." *Id.* at 1148. In this case, "tangible evidence" in the form of a receipt and tracking information indicates that Ortiz's petition for review was delivered to the court's post office box on the day of the filing deadline.

cancellation of removal as a matter of discretion. *See id.* § 1229a(c)(4)(A)(ii) ("An alien applying for relief or protection from removal has the burden of proof to establish . . . that the alien merits a favorable exercise of discretion.").

In his opening brief, Ortiz fails to address the BIA's determination that he did not merit a favorable exercise of discretion. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."). The BIA's unchallenged decision not to exercise its discretion favorably is independently dispositive of Ortiz's request for cancellation of removal.

Even aside from Ortiz's failure to preserve a complete challenge to the BIA's denial of relief, Ortiz does not identify any legal or constitutional error in the BIA's hardship determination. Although Ortiz claims the BIA failed to address the issues he raised on appeal, "the agency need not discuss each piece of evidence submitted" or "expressly parse or refute on the record each and every one of a petitioner's purported explanations." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021) (quotations omitted). The BIA did not ignore Ortiz's arguments and its decision "stated with sufficient particularity and clarity the reasons for denial of" relief. *Id.* at 1182 (alterations omitted).

Ortiz's claim that the IJ violated his due process rights by denying him a further continuance fails because Ortiz cannot demonstrate prejudice. *Cruz Rendon*

3

*v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010) ("The alien also must show prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation.") (quotations omitted). Ortiz has not demonstrated how additional medical documentation would have affected the IJ's determination that Ortiz did not merit cancellation of removal as a matter of discretion—a determination Ortiz has also not challenged here.

Ortiz also argues that the hardship standard for cancellation of removal violates his constitutional rights. But circuit precedent squarely forecloses Ortiz's challenge to the hardship standard. *See Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 603 (9th Cir. 2002); *Hernandez-Mezquita v. Ashcroft*, 293 F.3d 1161, 1165 (9th Cir. 2002). Thus, this claim is not "colorable." *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1244 (9th Cir. 2019) ("Because Petitioner's duress argument is not colorable in view of our precedent, we lack jurisdiction to consider it.").

**PETITION DISMISSED.**