**Israel Vianzon MAGTANONG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 07–70019.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2007.*

Filed July 23, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Nicholas W. Marchi, Seattle, WA, for petitioner Israel Vianzon Magtanong.

Dalin R. Holyoak, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for the respondent.

Before: ALEX KOZINSKI, RONALD M. GOULD and CONSUELO M. CALLAHAN, Circuit Judges.

**ORDER**

PER CURIAM:

Petitioner Israel Vianzon Magtanong, a native and citizen of the Philippines, seeks review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen or reconsider removal proceedings. We consider whether Magtanong's petition for review may be deemed timely filed.

A petition for review "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). Magtanong's attorney used the carrier DHL to send the petition for review by overnight delivery 29 days after the final order of removal, but the petition did not arrive and was not filed in this court until 31 days after the final order of removal.

■ The provision establishing the 30–day filing period is mandatory and jurisdictional, *see Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995), because it is imposed by statute. *See* 8 U.S.C. § 1252(b)(1); *cf. United States v. Sadler,* 480 F.3d 932, 936–37 (9th Cir.2007). A mandatory and jurisdictional rule cannot be forfeited or waived, *see Sadler,* 480 F.3d at 933–34, and courts lack the authority to create equitable exceptions to such a rule. *See Bowles v. Russell,* — U.S. ——, 127 S.Ct. 2360, 2366–67, 168 L.Ed.2d 96 (2007). Magtanong has not shown that he filed his petition for review within the statutory 30–day filing period, *see* 8 U.S.C. § 1252(b)(1), and he has failed to present tangible evidence that the petition arrived before or on the thirtieth day. *Cf. Sheviakov v. INS,* 237 F.3d 1144, 1148 (9th Cir.2001). Accordingly, we dismiss this petition for review for want of

jurisdiction and deny all pending motions as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**DISMISSED.**