John Erhomobhene AZEKE, Petitioner,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

John Erhomobhene Azeke, Petitioner,

v.

Michael B. Mukasey,* Attorney General, Respondent.

Nos. 06–72987, 06–73795.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2007.

Filed Dec. 17, 2007.

United States, pursuant to Fed. R.App. P. 43(c)(2).

Saad Ahmad, Fremont, CA, John Erhomobhene Azeke, California Department of Corrections (Marysville) A.K.A. Yuba County Jail, Marysville, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

John Azeke, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' final order of re-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

moval and order denying reconsideration.[1] We lack jurisdiction to consider Azeke's untimely petition for review in 06–72987 and dismiss the petition. *See Magtanong v. Gonzales,* 494 F.3d 1190, 1191 (9th Cir. 2007), *citing Bowles v. Russell,* — U.S. ——, 127 S.Ct. 2360, 2366–67, 168 L.Ed.2d 96 (2007) (per curiam).

■ As for the petition for review in 06–73795, we dismiss in part and grant in part. We dismiss for lack of jurisdiction the portion in which Azeke claims that the BIA abused its discretion in denying reconsideration of whether changed circumstances excused the untimely asylum application. Because the issue surrounding the asylum application involves disputed facts about when Azeke's temporary visitor's visa expired, we lack jurisdiction to consider the claim. *See Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007).

On the other hand, we do have jurisdiction to review whether the BIA abused its discretion in denying the motion for reconsideration concerning the request for withholding of removal. *See* 8 U.S.C. § 1252(b)(1); *Valeriano v. Gonzales,* 474 F.3d 669, 672–73 (9th Cir.2007). Azeke asserts that the BIA's adverse credibility finding was premised on errors of fact and not supported by substantial evidence in the record. We agree.

■ The BIA's finding that Azeke testified inconsistently about his elections report is not supported by the record. After testifying that he "wrote a statement in report," Azeke used the terms "statement" and "report" interchangeably. Nor is the BIA's finding that Azeke's testimony was inconsistent with the supporting letter

from the Legal Defense Centre supported by the record. The BIA clearly misread the letter to state that Azeke's 2000 election report was "comprehensive and indepth." The letter refers to a "comprehensive and indepth report" regarding the 1999–2000 "kaduna religious riots," not the 2000 elections. The letter and testimony are consistent regarding the 2000 elections. Finally, the BIA's finding that Azeke inconsistently testified that the relevant official was both a national and local politician is not supported by the record. Rather, the testimony and documents establish that the official initially held a local position, but was promoted to a higher position within the national party. Because Azeke brought to the Board's attention several material factual errors underlying its adverse credibility finding, the BIA abused its discretion by denying the motion to reconsider.

Petition for Review in 06–72987 DISMISSED.

Petition for Review in 06–73795 DISMISSED in part, GRANTED in part and REMANDED to the BIA.

KLEINFELD, Circuit Judge, dissenting:

I respectfully dissent. I agree that we lack jurisdiction to consider Azeke's untimely petition for review in 06–72987, and that we lack jurisdiction to consider the disputed facts in 06–73795 under *Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007). I dissent only with respect to the adverse credibility remand.

We may reverse a credibility determination only if the "evidence compels a con-

---

1. Azeke waived his motion to reopen and Convention Against Torture claims by failing to address them in his opening brief. *Castro-*

*Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir.2005).

trary conclusion."[1]  Not all of the BIA's articulated reasons need be supported, under circuit law.  We affirm an adverse credibility determination "so long as one of the identified grounds is supported by substantial evidence" and is a specific, cogent reason that goes to the heart of the asylum claim.[2]

The adverse credibility determination did not depend solely on the issue of whether Azeke had written a "comprehensive report," a two page letter, or the status of the relevant official.  The IJ found that Azeke did not explain enough about any of the threatening phone calls he claimed to have received to make the claim credible, such as the number of phone calls, the times of day of the phone calls, who made the telephone calls, the specific threats made, or the dates of the phone calls.  Azeke also did not give many details about his home that he claimed was burned down.  The IJ concluded that while testifying, Azeke "appeared nervous and confused, he did not look the court in the eye, or any of the questioners, he was evasive to questions, often babbling and rambling his answers often without ever actually responding.  His responses were often non-sensical...."  There is substantial evidence in the record for the IJ's skepticism.  This record could be read either way, credible or not credible, so I cannot say that it "compels" a contrary conclusion.[3]

I would deny the petition for review in its entirety.

1.  *Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir.2005).

2.  *Li v. Ashcroft*, 378 F.3d 959, 962, 964 (9th Cir.2004).

3.  *Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir.2005).

