**Hamilton Wokoma EGEJURU,**
**Petitioner–Appellant,**

v.

**Michael B. MUKASEY, Attorney General; Department of Homeland Security; Immigration & Customs Enforcement; San Diego Correctional Facility; Joe Easterling, Warden, Respondents–Appellees.**

No. 06–55367.

United States Court of Appeals,
Ninth Circuit.

Submitted March 19, 2008.*

Filed May 22, 2008.

Hamilton Wokoma Egejuru, San Pedro, CA, pro se.

Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Erika Johnson–Brooks, Esq., Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondents–Appellees.

Before: SKOPIL, FARRIS, and BEEZER, Circuit Judges.

MEMORANDUM **

Hamilton Wokoma Egejuru, a legal permanent resident, was placed in removal proceedings because he committed aggravated felonies. He filed this habeas petition pursuant to 28 U.S.C. § 2241, alleging the Board of Immigration Appeals (BIA) erred by denying his application for defer-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ral of removal under the United Nations Convention Against Torture. The district court dismissed his habeas petition for lack of jurisdiction. We affirm.

Prior to the REAL ID Act of 2005, "criminal aliens could challenge their removal orders in a habeas proceeding given the absence of [another] forum." *Singh v. Gonzales,* 499 F.3d 969, 976 (9th Cir.2007) (internal quotation omitted). The Act changed that regime effective May 11, 2005 "by eliminating all district court habeas jurisdiction over orders of removal." *Iasu v. Smith,* 511 F.3d 881, 886 (9th Cir.2007) (citing 8 U.S.C. § 1252(a)(5)). "Review of such orders was placed exclusively in the courts of appeals, by way of petitions for review." *Rafaelano v. Wilson,* 471 F.3d 1091, 1092 (9th Cir.2006). Because Egejuru filed his habeas petition after the effective date of the REAL ID Act, the district court lacked jurisdiction and therefore properly dismissed the petition. *See Puri v. Gonzales,* 464 F.3d 1038, 1041 (9th Cir.2006).

Although Egejuru also filed a petition for review of the BIA's decision in this court, that petition was not timely filed and we therefore dismissed for lack of jurisdiction. *Egejuru v. Gonzales,* No. 05–76288 (unpublished order). Thus, we do not have jurisdiction to review Egejuru's renewed challenge to his removal order. *See Magtanong v. Gonzales,* 494 F.3d 1190, 1191 (9th Cir.2007) (noting "the 30–day filing period is mandatory and jurisdictional").

**AFFIRMED.**