**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GOPAO GOPAL SINGH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-73024<br><br>Agency No. A095-784-626<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2013[**]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Gopao Gopal Singh, a native and citizen of Nepal, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We dismiss

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Singh's petition for review.

A petition for review "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The 30-day filing period for a petition for review is mandatory and jurisdictional. *See Stone v. INS*, 514 U.S. 386, 405 (1995); *Magtanong v. Gonzales*, 494 F.3d 1190, 1191 (9th Cir. 2007) (order) (per curiam). "A mandatory and jurisdictional rule cannot be forfeited or waived, and courts lack the authority to create equitable exceptions to such a rule." *Magtanong*, 494 F.3d at 1191 (internal citation omitted).

Even with the benefit of the mailbox rule, Singh has not shown he filed his petition for review within the mandatory prescribed time, because Singh did not direct that the petition for review be filed with the court when he first gave it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 273 (1988) ("delivery of a notice of appeal to prison authorities would not under any theory constitute a 'filing' unless the notice were delivered for forwarding to the . . . court."). Thus, we dismiss Singh's petition for review and deny all pending motions as moot. *See Magtanong* , 494 F.3d at 1191-92.

**PETITION FOR REVIEW DISMISSED.**