NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDGAR YANDARIO CABRERA
AVALOS,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    16-70512

Agency No. A070-046-474

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 11, 2019
San Francisco, California

Before:  WALLACE, BEA, and FRIEDLAND, Circuit Judges.

Petitioner Edgar Cabrera Avalos ("Mr. Cabrera") petitions for review of two

decisions of the Board of Immigration Appeals ("BIA").  The first decision, issued

in April 2013, reversed a decision by an Immigration Judge ("IJ") granting Mr.

Cabrera relief from removal under the Nicaraguan Adjustment and Central

American Relief Act of 1997 ("NACARA").  The second decision, issued in

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

February 2016, summarily dismissed Mr. Cabrera's appeal from an IJ decision granting his request for voluntary departure. We dismiss the petition for review for lack of jurisdiction to the extent it challenges the April 2013 BIA decision and deny it to the extent it challenges the February 2016 BIA decision.

In 2007, Mr. Cabrera, a native and citizen of Guatemala, applied for cancellation of removal under 8 U.S.C. § 1229b and special rule cancellation of removal under NACARA, among other forms of relief. Mr. Cabrera's wife ("Mrs. Cabrera") sought similar relief as a derivative applicant of Mr. Cabrera's applications and "independently through her own applications."

In 2011, the IJ granted Mr. Cabrera cancellation of removal under NACARA and decided that Mrs. Cabrera was "entitled to derivative benefits under her husband's NACARA cancellation of removal application." The IJ accordingly declined to consider the Cabreras' applications for cancellation of removal under § 1229b.

The Department of Homeland Security ("DHS") contested the IJ's grants of relief to the Cabreras in a consolidated appeal to the BIA. On April 10, 2013, the BIA sustained DHS's appeal, holding that Mr. Cabrera was "barred from cancellation of removal [under § 1229b] and special rules cancellation of removal under NACARA," and that Mrs. Cabrera, as a derivative beneficiary on Mr. Cabrera's NACARA application, was also ineligible for special rule cancellation of

2

removal. The BIA noted, however, that Mrs. Cabrera "remain[ed] eligible for cancellation of removal" under § 1229b, and "remanded to the Immigration Judge for further consideration of her case." Mr. Cabrera did not file a motion to reconsider at the BIA at that time, nor did he petition for review of the BIA's order within 30 days of the date the order issued.

On February 20, 2014, the IJ held a hearing on remand. The IJ severed the Cabreras' cases to allow Mrs. Cabrera to pursue her independent application for cancellation of removal under § 1229b. With respect to Mr. Cabrera, the IJ observed that it was "clear" following the BIA's ruling that "the only additional relief that [Mr. Cabrera was] statutorily eligible for . . . [was] voluntary departure." The IJ granted Mr. Cabrera voluntary departure.

On October 20, 2014, Mr. Cabrera appealed the IJ's February 2014 decision to the BIA. Mr. Cabrera clarified that he was not appealing the IJ's grant of voluntary departure. Instead, he argued that the BIA had erred in its April 2013 order denying him cancellation of removal under NACARA.

On February 8, 2016, the BIA "summarily dismissed" the appeal because the IJ's underlying order had granted Mr. Cabrera "the sole relief [he] requested," voluntary departure. The BIA construed Mr. Cabrera's arguments regarding the April 2013 BIA decision as a motion to reconsider and concluded that the motion was "untimely because it was not filed within 30 days" of the decision. *See* 8

3

U.S.C. § 1229a(c)(6)(B). On February 24, 2016, Mr. Cabrera petitioned for review in our court.

"Our jurisdiction to review a deportation decision is limited to a 'final order of removal.'" *Singh v. Lynch*, 835 F.3d 880, 882 (9th Cir. 2016) (quoting 8 U.S.C. § 1252(a)(1)). A BIA decision "remanding to the IJ for voluntary departure proceedings" but denying all other forms of relief "is a final order of removal." *Id.* at 883 (quoting *Pinto v. Holder*, 648 F.3d 976, 980 (9th Cir. 2011)). "A petition for review 'must be filed not later than 30 days after the date of the final order of removal.'" *Id.* at 882 (quoting 8 U.S.C. § 1252(b)(1)). "This deadline is 'mandatory and jurisdictional.'" *Id.* (quoting *Magtanong v. Gonzales*, 494 F.3d 1190, 1191 (9th Cir. 2007)).

Mr. Cabrera filed this petition for review almost three years after the BIA issued its April 2013 decision denying him all forms of relief except for voluntary departure—well past the 30-day deadline. He nevertheless maintains that the petition is timely for two reasons.

First, Mr. Cabrera argues that the BIA's April 2013 decision was not a final order under *Abdisalan v. Holder*, 774 F.3d 517 (9th Cir. 2014) (en banc). In *Abdisalan*, we held that when the BIA issues a "mixed decision" denying some claims for relief as to a petitioner but remanding other claims for further consideration, that "decision is not a final order of removal" and "does not trigger

4

the thirty-day window in which to file a petition for review." *Id.* at 520. Mr. Cabrera characterizes the BIA's April 2013 order as such a "mixed decision" because it denied his claims for relief but remanded Mrs. Cabrera's independent claims for further consideration. That characterization is incorrect. A "mixed decision" under *Abdisalan* "affirms the denial of relief on some of *an* alien's claims for relief but remands to the IJ for further proceedings on others." *Id.* at 522 (emphasis added). Here, the BIA definitively denied all of Mr. Cabrera's claims except for voluntary departure and thus fully "adjudicated [his] deportability; the only lingering question on remand was how [he] would be deported." *Pinto*, 648 F.3d at 979. Accordingly, although the BIA's April 2013 order left open avenues of relief for Mrs. Cabrera, it was not a mixed decision as to Mr. Cabrera.

Second, Mr. Cabrera contends that because his and his wife's cases were consolidated until the IJ severed them on remand in February 2014, he had no opportunity to seek review of the BIA decision as to his own case until the date of severance. But even if the 30-day deadline began to run from the date of severance, Mr. Cabrera did not file this petition until two years after that date. We therefore lack jurisdiction to review his challenge to the April 2013 BIA decision. *See Singh*, 835 F.3d at 882-83.

We do have jurisdiction to consider Mr. Cabrera's timely challenge to the

BIA's February 2016 order dismissing his appeal from the IJ's February 2014 decision. But that challenge is unavailing. The BIA "may summarily dismiss any appeal . . . . from an order that granted the party concerned the relief that had been requested." 8 C.F.R. § 1003.1(d)(2)(i)(C). Here, the IJ granted Mr. Cabrera voluntary departure, the only form of relief he requested on remand after the BIA denied his other claims. And to the extent Mr. Cabrera's appeal could be construed as a motion for the BIA to reconsider its April 2013 decision, the motion was untimely. *See* 8 U.S.C. § 1229a(c)(6)(B).

**DISMISSED in part and DENIED in part.**

FILED

JAN 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRIEDLAND, Circuit Judge, concurring:

I agree that Mr. Cabrera's petition for review challenging the BIA's April 2013 decision is untimely whether the 30-day clock began running from the date of that decision or from the date his case was subsequently severed on remand. I therefore concur in the disposition. I write separately to note that our caselaw provides no guidance to individuals in the confusing procedural posture that Mr. Cabrera faced: receiving a ruling from the BIA in a consolidated appeal, in which the BIA denied all forms of relief save voluntary departure as to one non-citizen while leaving open claims for relief as to the other non-citizen. All indications from the record in this case are that it was not clear to Mr. Cabrera, the Government, and the Immigration Court when Mr. Cabrera could have petitioned for review of such a ruling in a consolidated appeal. In a suitable case, we should articulate a rule that resolves this confusion.

Had the Cabreras' cases not been consolidated, the deadline for Mr. Cabrera to seek this court's review of the April 2013 BIA decision would have been unambiguous under existing precedent. In that scenario, the BIA decision would have constituted a final order of removal as to Mr. Cabrera because it denied all his claims for relief other than voluntary departure, thereby "adjudicat[ing] [his] deportability" and leaving "only [the] lingering question on remand . . . how [he]

would be deported." *Pinto v. Holder*, 648 F.3d 976, 979 (9th Cir. 2011).  He therefore would have been required to file a petition for review within 30 days of the decision.  *See* 8 U.S.C. § 1252(b)(1).

But the consolidation of the Cabreras' cases complicated things because it was not clear that, as a practical matter, Mr. Cabrera was able to petition for review of his own claims until the consolidated cases had been severed.  We ordered supplemental briefing on the question whether it is procedurally possible for a non-citizen in Mr. Cabrera's position to petition for review of a consolidated BIA decision that has not been severed.  Unfortunately, the supplemental briefing shed little light.  The parties agreed that the BIA "may sever appeals at its discretion or upon the [written] request of one or both of the parties."  Board of Immigration Appeals Practice Manual § 4.10(c) (2018), *available at* https://www.justice.gov/eoir/page/file/1101411/download.  But neither party could answer the actual question we had posed—whether it is practically possible for a non-citizen to petition for review *before* severance takes place.  The Government insisted that "procedural mechanisms now exist so that the noncitizen with a final removal order may timely petition for review of that order even where his or her case remains consolidated with that of a non-citizen without a final removal order."  But nowhere did the Government specify what those procedural mechanism are, or cite any clear authority for its assertion.  Mr. Cabrera simply observed that "[t]here

2

appears to be no guidance" on this question.  Notably, the IJ in this case appeared to believe that Mr. Cabrera could not have petitioned for review of the BIA decision prior to severance.  The IJ told Mr. Cabrera upon severing his case at the February 2014 hearing, "[Y]ou are free *at this point* to proceed to the Circuit Court of Appeal for a review of the BIA's order."

In light of the evident confusion on this issue, I hope we will someday adopt the following rule: When the BIA renders a decision in a consolidated case denying all forms of relief as to one non-citizen but not as to the other non-citizen, and the IJ or BIA subsequently severs the cases sua sponte or upon request by any party, the first non-citizen's removal order becomes final as of the severance date, triggering the 30-day clock for petitioning for review.  If the cases remain consolidated, the first non-citizen's removal order becomes final when the agency issues a final decision as to the second non-citizen.

This rule would be both administrable and consistent with the appeals procedure in regular civil cases.[1]  Under Federal Rule of Civil Procedure 54(b), in an action involving multiple parties, "any order or other decision [of the district

---

[1] We recently resolved another question regarding the timing of an immigration petition for review by looking to the procedural rule governing the analogous civil context.  *See Martinez v. Barr*, 941 F.3d 907, 920 (9th Cir. 2019) ("[G]uided by our jurisprudence in civil cases allowing premature appeals to ripen . . . , we . . . hold[] that, absent any prejudice to the Government, a premature petition for review of an immigration order may ripen upon final disposition of the case by the BIA.").

court] . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties." "A district court order is therefore not appealable unless it disposes of all claims as to all parties." *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008). An exception to this general rule exists when the district court "direct[s] entry of a final judgment as to one or more, but fewer than all, claims or parties" upon an "express[] determin[ation] that there is no just reason for delay" in appealing those claims. Fed. R. Civ. P. 54(b). In this way, Rule 54 "enables the district court to sever a partial final judgment for an immediate appeal." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 (9th Cir. 2002). An analogous rule in the immigration context would eliminate the kind of ambiguity that clouded this case.

I realize, of course, that the 30-day statutory deadline for filing a petition for review is "mandatory and jurisdictional," such that "courts lack the authority to create equitable exceptions" to the rule. *Magtanong v. Gonzales*, 494 F.3d 1190, 1191 (9th Cir. 2007). But "Ninth Circuit case law, as well as that of other circuits," has long "recognize[d] two situations in which petitions for review arguably filed after expiration of the [statutory deadline] may nevertheless confer jurisdiction on a court of appeals." *Singh v. I.N.S.*, 315 F.3d 1186, 1188 (9th Cir. 2003). "First, 'where there has been official misleading [by the court or the BIA]

4

as to the time within which to file a notice of appeal, the late notice may be deemed to have been constructively filed within the jurisdictional limits.'" *Id.* (alteration in original) (quoting *Hernandez-Rivera v. I.N.S.*, 630 F.2d 1352, 1355 (9th Cir. 1980)). "Second, the '[t]ime for filing a review petition begins to run when the BIA complies with the terms of federal regulations by mailing its decision to the petitioner's [or his counsel's] address of record,'" so that "the petitioner [is] not . . . penalized for the BIA's failure to comply with the terms of the federal regulations" regarding notice. *Id.* (first and second alterations in original) (quoting *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996)).

Both of the above exceptions reflect the common-sense notion that the 30-day clock cannot be deemed to run while circumstances beyond an individual's control are preventing him or her from filing a petition for review. Likewise, if there is no procedural mechanism for filing an individual petition for review of a consolidated BIA decision prior to severance—and the Government has given us no concrete reason to think there is—it would not make sense to start the 30-day clock on the date of the BIA decision instead of on the date of severance.